UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMAR SERON RANDALL | DOCKET NO. 3:10-cr-174<br><br>UNITED STATES'S RESPONSE TO RANDALL'S MOTION FOR REVIEW OF DETENTION ORDER[1] |

Jamar Seron Randall moves the Court to enter an order revoking the Detention Order entered by Judge Kessler on October 12, 2010. Randall argues that Detective Scott Shipman stated at the detention hearing that the defendant "was not served until October 5, 2010 because Defendant was unable to be located and a fugitive. As described below, the defendant's contention that Det. Shipman's explanation was inaccurate or misleading is incorrect.

1. On January 28, 2010, the defendant was arrested and charged with Possession of a Firearm by a Felon in Mecklenburg County Superior Court. The defendant's case was adopted for federal prosecution, and the Grand Jury for the Western District of North Carolina issued an indictment on August 17, 2010. (3:10-cr-174, Doc. 1.) A Warrant for the defendant's arrest was issued on August 17, 2010. (3:10-cr-174, Doc. 2.) On August 19, 2010, Det. Shipman went to the defendant's residence to arrest the defendant, knowing that the defendant had been released on bond on the state charges. When Detective Shipman arrived at the defendant's house, the house appeared to be vacant.

---

[1] Counsel regrettably recognizes that this Motion is being filed outside of the deadline set by the Counsel hereby seeks leave to late-file the instant Motion.

Randall was considered a fugitive by authorities when officers could not locate him and his residence appeared vacant. At that time, Det. Shipman entered Randall's status as a fugitive in the National Crime Information Center system (NCIC).

2. On August 31, 2010, without notice to Det. Shipman or the U.S. Attorney's Office, the defendant pled guilty in Mecklenburg County Superior Court to one count of Possession of a Firearm by a Felon arising from the same occurrence as the defendant's federal indictment. Days later, Det. Shipman notified the undersigned, and the undersigned advised Det. Shipman not to apprehend the defendant until a *Petite* policy waiver could be obtained. On September 9, 2010, Det. Shipman amended the defendant's fugitive status in NCIC while the U.S. Attorney's Office awaited approval of the *Petite* policy waiver.

3. On October 4, 2010, the undersigned received approval for the *Petite* policy waiver in this case and notified Det. Shipman. Det. Shipman called the defendant's Probation Office to find out where the defendant was currently living. Det. Shipman learned that the defendant had just recently returned to his residence. On October 5, 2010, Det. Shipman went with the defendant's Probation Officer to the defendant's residence to take him into custody.

4. A detention hearing was held before Judge Keesler on October 12, 2010. At the hearing, Det. Shipman explained that he was unable to locate the defendant at his residence, and as a result, the defendant became a fugitive. At the detention hearing, evidence of Defendant's offense and arrest on January 28, 2010, were presented. A pretrial report was also generated, showing that the defendant had a significant prior criminal record, including a robbery conviction and a prior probation revocation. At that time, the U.S.

Probation Office also recommended detention. After hearing the arguments, the Court detained the defendant, noting in its Order that "the evidence forecast by the government is solid." (3:10-cr-174, Doc. 5.) Additionally, the Court cited the defendant's significant criminal record as a basis for detention and noted Probation's recommendation for detention.

5. In summary, Det. Shipman was unable to locate the defendant which resulted in the defendant's fugitive status. The defendant remained a fugitive and was not located by authorities until Det. Shipman learned on or about September 9, 2010, that the defendant previously entered a guilty plea in state court. Det. Shipman's statement at the detention hearing was accurate. A review of the detention order shows that the defendant's fugitive status was not a significant factor in the Court's decision. The Court specifically cited the defendant's significant prior criminal history and the evidence against the defendant. For those reasons, the Court's finding, that the defendant was a danger to the community and should be detained, was proper.

## **CONCLUSION**

For the foregoing reasons, this Court should uphold its Order of Detention dated October 12, 2010.

RESPECTFULLY SUBMITTED, this 17th day of November, 2010.

          ANNE M. TOMPKINS
          UNITED STATES ATTORNEY
          s/Jennifer Lynn Dillon
          New Jersey Bar Number: 01502-2008
          New York Bar Number: 4679957
          Assistant United States Attorney
          227 West Trade Street
          Carillon Building, Suite 1650
          Charlotte, North Carolina 28202
          Telephone: 704-344-6222
          Fax: 704-344-6629
          E-mail: jennifer.dillon@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November 2010, the foregoing document was served electronically through ECF filing upon the defendant and his counsel at the following address:

Cory A. Williams, Esq.
cwill@cloudwilliams.com

/s Jennifer Lynn Dillon
Assistant United States Attorney