IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA        :
                                :
        v.                      :       3:10CR174-W
                                :
JAMAR SERON RANDALL             :
                                :
                                :

## MOTION TO SUPPRESS TANGIBLE EVIDENCE AND STATEMENTS AND INCORPORATED MEMORANDUM OF POINTS AND <u>AUTHORITIES AND REQUEST FOR EVIDENTIARY HEARING</u>

<u>INTRODUCTION</u>

COMES NOW Defendant, JAMAR SERON RANDALL, by and through his undersigned counsel of record, and respectfully moves the Court for an Order suppressing as evidence against him at trial, tangible evidence and statements that were allegedly seized and obtained, pursuant to his arrest and detention without probable cause on January 28, 2010. The basis for this motion is that the search and seizure on January 28, 2010, was conducted in violation of Mr. Randall's rights against unreasonable searches and seizures pursuant to the Fourth Amendment to the United States Constitution. An evidentiary hearing on this motion is respectfully requested. Counsel for Defendant estimates that the hearing in this matter can be heard in one and one half hours.

<u>BACKGROUND</u>

- 1 -

-2-

Mr. Randall is charged by indictment with possession of a weapon and ammunition in violation of 18 U.S.C. Section 922(g)(1). The discovery provided by the government indicates that on January 28, 2010, Officer Sean Healy of the Charlotte Mecklenburg Police Department conducted a traffic stop on the vehicle being driven by Mr. Randall for an expired vehicle tag. According to Officer Healy's police report, upon speaking with Mr. Randall, Officer Healy smelled a strong odor of alcohol about his person. As a result, Officer Healy directed Mr. Randall to exit the vehicle. Officer Healy saw an open container of alcohol in the driver's side door compartment when Mr. Randall exited the vehicle. Officer Healy then conducted a consent search of Mr. Randall's person and discovered an empty gun holster. Officer Healy then placed Mr. Randall in the backseat of his police car.

Officer Healy then conducted what he labeled a Probable Cause search of Mr. Randall's vehicle based on the Open Container of alcohol in Mr. Randall's vehicle. During his search he allegedly found a handgun under the passenger's seat of the vehicle.

The discovery provided by the government also provided a police report/narrative of Officer Micheal Anderson II of the Charlotte Mecklenburg Police Department. According to Officer Anderson, he discovered the Open Container of Alcohol in Mr. Randall's vehicle and advised Officer Healy of the presence of

-2-

said container. Officer Anderson also alleges that Mr. Randall gave consent to search the vehicle, which is in direct contradiction of the statement of Officer Healy.

## LAW AND ARGUMENT

### I. Lack of Authority to Conduct a Search of the Vehicle

Warrantless searches "are *per se* unreasonable," "subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576. The exception for a search incident to a lawful arrest applies only to "the area from within which [an arrestee] might gain possession of a weapon or destructible evidence. Chimel v. California, 395 U.S., at 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685. Police may search incident to arrest only the space within an arrestee's "'immediate control,'" meaning "the area from within which he might gain possession of a weapon or destructible evidence." 395 U.S., at 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685.

In the present case, Officer Healy discovered the open container of alcohol prior to placing Mr. Randall under arrest. Officer Healy conducted a search of Mr. Randall's vehicle after he was secure and unable to access his vehicle. The open container of alcohol was in plain view of Officer Healy once Mr. Randall exited his vehicle. Thus, the evidence was unable to be destroyed.

Pursuant to N.C.G.S § 20-138.7(a1), the offense of Possession of an Open Container of Alcohol in the Passenger Area of a Motor vehicle is a traffic offense/infraction and a non-moving violation. The Court has held, when a recent occupant is arrested for a traffic violation, there will be no reasonable basis to believe the vehicle contains relevant evidence. <u>Knowles v. Iowa</u>, 525 U.S. 113, 118, 119 S. Ct. 484, 142 L. Ed. 2d 492 (1998).

Pursuant to N.C.G.S § 14-3.1(a), an infraction is a noncriminal violation of law not punishable by imprisonment. Unless otherwise provided by law, the sanction for a person found responsible for an infraction is a penalty of not more than one hundred dollars ($100.00). Therefore, Officer Healy did not have Probable Cause to search Defendant's vehicle. When the arrestee is not within reaching distance of the passenger compartment at the time of the search or it is not reasonable to believe the vehicle contains evidence of the offense of arrest, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies. <u>Arizona v. Gant</u>, 129 S. Ct. 1710, 1723-1724 (U.S. 2009).

## CONCLUSION

For all these reasons, this Court should suppress any and all evidence seized and statements given as a result of the

-4-

January 28, 2010 search and seizure of Defendant and the vehicle he was driving by Officers Healy and Anderson of the Charlotte Mecklenburg Police Department.

Respectfully submitted, this 1st day of December, 2010.

**Cloud & Williams, PLLC**

Cory A. Williams /s/
Attorney for the Defendant
North Carolina State Bar # 34289
130 N. McDowell St., Suite D
Charlotte, NC 28204
Phone: (704) 377-3347
Facsimile: (704) 377-3273
Email: cwill@cloudwilliams.com

CERTIFICATE OF SERVICE

I hereby certify that on December 1st day of December, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Jennifer Lynn Dillon

**Cloud & Williams, PLLC**

Cory A. Williams /s/
Attorney for the Defendant
North Carolina State Bar # 34289
130 N. McDowell St., Suite D
Charlotte, NC 28204
Phone: (704) 377-3347
Facsimile: (704) 377-3273
Email: cwill@cloudwilliams.com