UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | DOCKET NO. 3:10-cr-174-W |
| | UNITED STATES'S RESPONSE TO RANDALL'S MOTION TO SUPPRESS |
| JAMAR SERON RANDALL | |

Jamar Seron Randall moves to suppress a gun seized and statements made during a lawful encounter with Charlotte police. Randall's argument focuses on the alcohol contained in his vehicle and neglects to discuss the empty gun holster located on his person. As described below, however, all of the evidence at issue was lawfully obtained, and Randall's motion should be denied.

**FACTUAL BACKGROUND**

On January 28, 2010, at about 1:15am, Officer Healy is on routine patrol in the Metro Division when he observes a dark blue Ford Expedition turn right onto Glenwood Drive. The area the car is leaving is a known high-crime area with numerous reports of dangerous crimes during recent weeks.

As part of his duties, Officer Healy runs the Expedition's license plate in NCIC and learns that the plate is expired. He initiates a traffic stop, and the vehicle stops near Walkers Express located at 3416 Freedom Drive. Officer Healy approaches the vehicle and speaks with the driver, Jamar Randall. Randall tells Officer Healy that he picked up

his cousin, Alwasi Cooper, who was sitting in the front passenger seat. There are no other occupants in the vehicle.

While Officer Healy speaks with Randall, he smells a strong odor of alcohol on his person and asks him to step out of the car to speak with him. When Randall opens the driver door, Officer Healy observes an open 12-ounce bottle of beer in the driver's side-door pocket. Randall consents to a search of his person. Officer Healy finds a gun holster on Randall's right side. Randall claims he does not use the gun holster to carry a gun, but rather, uses it to carry credit cards and money. However, there are no credit cards or money in the holster at the time of the search. Randall does have money in his pockets with several other cards. Officer Healy asks Randall if there are any more alcohol, guns, or drugs in the vehicle. Randall answers negatively. Officer Anderson observes Officer Healy ask Randall for consent to search the vehicle. Randall consents. Officer Healy places Randall in his patrol car without handcuffs and speaks with the passenger. Officer Healy then conducts a search of the vehicle while the passenger stands with Officer Anderson in front of his patrol car.

Officer Healy searches the passenger side of the vehicle first. He finds a small black handgun under the passenger side seat. The handgun is covered by a full size white sheet of paper. He also notices that the serial numbers on the handgun are scratched and unreadable. Officer Healy also locates a small bag of marijuana containing 1.1 grams in the passenger side door pocket.

Officer Healy places both suspects under arrest. He asks each of them if they wish to talk to him, and they both say they do not. Both suspects admit they are convicted felons. Per Randall's request, the officer leaves Randall's vehicle in the

parking lot. The officers transport both suspects to the law enforcement center. Officer Anderson transports Cooper and Officer Healy transports Randall.

While driving to the law enforcement center, Randall tells Officer Healy he wants to speak to him about the firearm. When they arrive at the law enforcement center, Officer Healy reads Randall his Miranda rights in front of Officer Anderson, and Randall signs a form waiving his rights. He then gives a written statement.

Randall tells the officers he picked up his cousin to get some cigarettes. His cousin did not know about the gun or the marijuana in the car. Randall says he bought the gun in High Point, NC about a year ago. It is a .25 caliber Taurus. He tells the officers it was under the passenger seat, and he keeps it there for personal safety. He explains that the serial number was obliterated when he bought the gun. Officer Healy says that he did not tell Randall where he found the gun, the caliber of the gun, or the make, and that Randall supplied that information accurately.

The officers transport the suspects to intake. The officers issue Randall a citation for driving with an open container and expired registration.

## **ANALYSIS**

Randall moves to suppress the firearm found in Randall's vehicle and statements that were allegedly made. His motion claims that the firearm must be suppressed because "Officer Healy did not have Probable Cause (*sic*) to search Defendant's vehicle." (Def.'s Mot. at 4.) Randall argues that he was not within reaching distance of the passenger compartment at the time of the search or it was not reasonable to believe the vehicle contained evidence of the offense of arrest. (Mot. at 4.) Randall fails to argue any reason why his confession is inadmissible.

**I.     THE SEIZURE OF THE FIREARM WAS LAWFUL.**

First, Randall contends that the government searched his vehicle without a warrant, which is true. (Mot. at 3.) Citing *Gant*, Randall argues that the search was unlawful because Randall was not within reaching distance of the vehicle at the time of the search or it was not reasonable to believe the vehicle contained evidence of the offense. *Arizona v. Gant*, 129 S. Ct. 1710, 1723 (2009). Randall fails to address searches pursuant to probable cause or consent.

**A. The Search was Lawful Based on the Automobile Exception.**

The Fourth Amendment prohibits unreasonable searches and seizures of persons, papers, and effects. Generally, the Fourth Amendment requires officers to obtain a warrant by a judge or magistrate prior to conducting a search — subject to certain specific and well-delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357 (1967). The "automobile exception," recognized by the Supreme Court in *Carroll v. United States,* 267 U.S. 132 (1925), permits warrantless vehicle searches where (1) "a car is readily mobile"; and (2) "probable cause exists to believe it contains contraband." *United States v. Arriaza*, 641 F. Supp. 2d 526, 531 (E.D.Va. 2009) (*citing Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996); *See also United States v. Brookins*, 345 F.3d 231, 235 (4th Cir. 2003). With respect to the "readily mobile" requirement, the Supreme Court has recognized that most vehicles are "obviously readily mobile by the turn of an ignition key, if not actually moving." *Arriaza*, 641 F. Supp. 2d at 531 (*citing California v. Carney*, 471 U.S. 386, 390-93 (1985)). A vehicle's "ready mobility" is not extinguished once the car is immobilized, nor does it depend on the likelihood of whether the car would have been driven away or whether the contents of the car would have been compromised during the time it would take officers to obtain a warrant. *See id.* (*quoting Michigan v. Thomas*, 458 U.S. 259, 261

(1982)).  The Fourth Circuit has held that a vehicle is "readily mobile" if the vehicle is "clearly operational."  *Brookins,* 345 F.3d at 238.

To assess whether an officer has probable cause to search the vehicle, courts must determine, "view[ing] from the standpoint of an objectively reasonable police officer," whether all of the facts known to the officer, leading up to the arrest, amount to probable cause.  *White*, 549 F.3d 946, 950 (4th Cir. 2008) (*citing Ornelas v. United States*, 517 U.S. 690, 696 (1996); *See also Illinois v. Gates*, 462 U.S. 213, 238 (1983) (determination of probable cause is based on whether, "given all the circumstances," "there is a fair probability that contraband or evidence of a crime will be found in a particular place.")

Here, the car was readily mobile.  *United States v. Leak*, No. 3:10-cr-81-W, 2010 U.S. Dist. LEXIS 45564, at *6, *15 (W.D.N.C. April 5, 2010) (car readily mobile where officers placed defendant in back seat of patrol car and then began to search the vehicle).  Thus, the issue is whether officers had probable cause to search Randall's car.

Randall argues that there is no reasonable basis to believe the vehicle contains relevant evidence where an individual is charged with Possession of an Open Container of Alcohol in the Passenger Area of Motor Vehicle.  (Mot. at 4.)  Yet, an open container in plain view inside a vehicle gives officers probable cause to search the vehicle for other contraband.  *United States v. Robinson*, No. 96-4218, 1996 U.S. App. LEXIS 20576, at *3 (4th Cir. August 16, 1996).  Officers are not limited to searching simply for other evidence of open containers.  For example, "[t]he discovery of the marijuana in plain view gave officers probable cause to conduct the search of the vehicle that ultimately led to the firearm's discovery."  *United States v. Hall*, No. 09-4779, 2010 U.S. App. LEXIS 21050, at *3 (4th Cir. October 12, 2010) (*citing Maryland v. Dyson*, 527 U.S. 465, 467 (1999); *United States v. Watkins*, 662 F.3d 1090 (4th Cir. 1981)).

Likewise, the discovery of the open container in plain view inside Randall's vehicle gave officers probable cause to conduct the search of the car that led to the discovery of the firearm.

Additionally, during a lawful pat-down of Randall's person, Officer Healy found an empty gun holster, which Randall claimed was used to keep credit cards and money. Yet, no credits cards or money were found in the holster; in fact, Officer Healy located money and credit cards in Randall's pocket. Given the presence of the holster and Randall's lie about the purpose of the holster, an officer could conclude that the firearm that was kept in that holster was probably located in the vehicle. *See United States v. Spencer*, 1 F.3d 742, 743, 746 (9th Cir. 1993) (finding that officers had probable cause to search vehicle for firearm where recent occupant was wearing an empty gun holster and was seen making concealing movements under the car's front seat before exiting the vehicle); *United States v. Baker*, 850 F.2d 1365, 1367, 1369 (9th Cir. 1988) (holding that probable cause exists to believe firearm is in vehicle when recent occupant is found with bullets on his person).

Additionally, under *Arizona v. Gant*, 129 S. Ct. 1710, 1720-24 (2009), a search of a vehicle incident to an arrest is permitted if: (1) "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search," or (2) "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." The government concedes that the first standard does not apply to this case — Mr. Randall was secured in the patrol car when the search occurred, although he was not handcuffed at that time. Although, police may not have considered Randall "arrested" at the time they placed him into their vehicle, officers certainly could have arrested Randall if he was found operating a vehicle while intoxicated. Because of the exigency created when Officer Healy located the empty gun holster, police did not conduct a field sobriety test. As previously stated, Officer Healy did have reason

to believe evidence relevant to the crime of arrest might be found in the vehicle, since he already saw an open alcoholic container in plain view inside the vehicle. Thus, if Randall was considered arrested at the time he was placed in the patrol car, the search was proper under the second prong of the *Gant* test. Regardless, because officers had probable cause to search the vehicle, Randall's motion should be denied.

### B. The Search was Valid because Randall Consented to it.

Another exception to the warrant requirement is a consent search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973); *Trulock v. Freeh*, 275 F.3d 391, 401 (4th Cir. 2001). The government has the burden to show by a preponderance of the evidence that the consent was knowing and voluntary, taking into consideration the totality of the circumstances. *See, e.g.*, *United States v. Mendenhall*, 446 U.S. 544, 557 (1980); *United States v. Buckner*, 473 F.3d 551, 553-55 (4th Cir.), *cert. denied*, 550 U.S. 913 (2007); *United States v. Boone*, 245 F.3d 352, 361-63 (4th Cir.), *cert. denied*, 532 U.S. 1031 (2001); *United States v. Brugal*, 209 F.3d 353, 362 (4th Cir.) (en banc), *cert. denied*, 531 U.S. 961 (2000); *United States v. Elie*, 111 F.3d 1135, 1144 (4th Cir. 1997); and *United States v. Lattimore*, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). In determining whether the consent was voluntarily and knowingly given, the court may consider "the characteristics of the accused (such as age, maturity, education, intelligence, and experience) as well as the conditions under which the consent to search was given (such as the officer's conduct; the number of officers present; and the duration, location, and time of the encounter)." *Elie*, 111 F.3d at 1144. *Accord Boone*, 245 F.3d at 361-62; and *Lattimore*, 87 F.3d at 650. The government need not show that an individual was told or otherwise knew he had the right to refuse consent. *See, e.g.*, *Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996) (no per se rule

requiring defendant be advised he is "free to go" for consent to be voluntary); *Boone*, 245 F.3d at 362; *Brugal*, 209 F.3d at 362; *Elie*, 111 F.3d at 1146; and *Lattimore*, 87 F.3d at 650.

Randall claims that Officer Healy and Officer Anderson's reasons for the search are in direct conflict. (Mot. at 3.) However, both bases for the search are proper. Although Officer Healy stated he searched the vehicle based on probable cause, he also could have asked for consent prior to searching the vehicle. Officer Anderson wrote in his report that the search was based on consent. This is because Officer Anderson specifically remembers Officer Healy asking Randall's consent prior to the search of the vehicle, and Randall consented to such search. Although each officers' statements did not reflect both bases for the search, a probable cause search and a consent search are not mutually exclusive. Thus, Randall's consent to search the vehicle was also a proper basis for the search, and his motion should be denied.

### C. Even if the Searches were Improper, the Firearm is Admissible under the Inevitable Discovery Doctrine.

Improperly seized evidence may still be admissible under the "inevitable discovery doctrine," if the government can show by a "preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." *Nix v. Williams*, 467 U.S. 431, 444 (1984); *see, e.g.*, *United States v. Mobley*, 40 F.3d 688, 693 (4th Cir. 1994); *United States v. George*, 971 F.2d 1113, 1121 (4th Cir. 1992); *United States v. Thomas*, 955 F.2d 207, 210-11 (4th Cir. 1992); and *United States v. Whitehorn*, 813 F.2d 646, 650 (4th Cir. 1987). Thus, if a vehicle search exceeds its proper scope, seized items may be admissible under the "inevitable discovery" rule if the vehicle is taken into custody and the items would have been discovered during a proper vehicle inventory search. *Nix v. Williams*, 467 U.S. 431, 439 (1984); *United States v. George*, 971 F.2d 1113, 1121 (4th Cir. 1992) (reversing suppression of hack saw blades found in tool box in trunk of car, remanding for finding whether blades would have been

found in subsequent vehicle inventory search); *United States v. Thomas*, 955 F.2d 207, 210-11 (4th Cir. 1992); *United States v. Whitehorn*, 813 F.2d 646, 650 (4th Cir. 1987).

In this case, Officer Healy searched the vehicle at the scene. Therefore, there was no need to take the vehicle into custody and conduct an inventory search. However, the police could have seized the vehicle and searched it pursuant to an inventory search. Such search would have been proper, and the government submits that any firearm recovered during an inventory search would have been admissible under the inevitable discovery doctrine.

## II. Because Randall's Statement was Taken After He Waived his Miranda Rights, Randall's Motion Should be Denied.

Miranda warnings are required when a suspect is interrogated while in custody. *Miranda v. Arizona*, 384 U.S. 436 (1966). Assuming Miranda applies, an individual may nevertheless waive his rights and voluntarily submit to a custodial interrogation. To be valid, the waiver "need not be explicit, but may be inferred from all the circumstances." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). *Accord United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984); *United States v. Cardwell*, 433 F.3d 378, 389-90 (4th Cir. 2005) (finding "implied waiver" in defendant's willingness to answer questions after being advised of rights), *cert. denied*, 547 U.S. 1061 (2006); and *United States v. Gordon*, 895 F.2d 932, 939 (4th Cir. 1990).

In this case, Randall explicitly waived his rights and voluntarily submitted to interrogation by signing an "Adult Waiver of Rights" form. Randall then admitted that the firearm belonged to him, stated that he kept it under the passenger seat of his vehicle for "personal safety," and told police the make, caliber, and that the serial number was scratched off without having been told this information prior to the interrogation. Thus, Randall's statement is admissible because he voluntarily waived his right to remain silent.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Randall's motion to suppress.

RESPECTFULLY SUBMITTED, this 13th day of December, 2010.

                ANNE M. TOMPKINS
                UNITED STATES ATTORNEY
                s/Jennifer Lynn Dillon
                New Jersey Bar Number: 01502-2008
                New York Bar Number: 4679957
                Assistant United States Attorney
                227 West Trade Street
                Carillon Building, Suite 1650
                Charlotte, North Carolina 28202
                Telephone: 704-344-6222
                Fax: 704-344-6629
                E-mail: jennifer.dillon@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December 2010, the foregoing document was served electronically through ECF filing upon the defendant and his counsel at the following email address:

Cory A Williams, Esq.
cwill@cloudwilliams.com

/s Jennifer Lynn Dillon
Assistant United States Attorney