```
              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF NORTH CAROLINA
                    CHARLOTTE DIVISION

            Criminal Docket No. 3:10CR00174-1-MOC
```
-------------------------------)
**UNITED STATES OF AMERICA,**  )
                               ) <u>Motion to Withdraw Guilty</u>
                               ) <u>Plea</u>
            -v-                )
                               )
                               )
**JAMAR SERON RANDALL,**       )
          **Defendant.**       )
-------------------------------)

    **NOW COMES**, JAMAR SERON RANDALL ("Randall"), through counsel, pursuant to Rule 11 (d) of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court to allow hum to withdraw his guilty plea and have a hearing on the merits on his Motion to Suppress Evidence and have a trial on the question of his guilty to the sole charge in the Bill of Indictment.

    In support of the Motion, Randall states as follows:
1. Randall was indicted in a one count bill of Indictment returned by the Grand Jury sitting in the Western District of North Carolina on or about August 17, 2010.
2. Randall was charged with one count of Unlawful Possession of a Firearm by a Convicted Felon.
3. Randall was arrested on or about October 6, 2010.
4. He had his initial appearance on the same day and appeared with retained counsel, George Laughrun, at that proceeding. The government moved for his detention and Randall was ordered detained pending a detention hearing.
5. On October 12, 2010, Randall appeared for his detention and arraignment hearings, with a different retained counsel, Cory A. Williams.
6. Randall was arraigned and he entered a plea of not guilty to the charge.
7. The government moved for his detention and Randall was ordered detained.
8. On December 1, 2010, Randall through counsel, filed a Motion to Suppress Evidence.
9. On December 13, 2010, the government filed a Response to the Motion to Suppress Evidence.
10. The Motion to Suppress Evidence was scheduled for a hearing on January 3, 2011.
11. On January 1, 2011, Randall, through counsel, filed an unopposed Motion to Continue the hearing on the
Case 3:10-cr-00174-MOC   Document 24   Filed 06/21/11   Page 1 of 5

Suppress Motion.
12. On January 3, 2011, the court denied the unopposed Motion to Continue the Suppression hearing and scheduled the jury selection and trial of Randall's case for January 4, 2011 and January 5, 2011.
13. Upon information and belief, after the denial of the unopposed Motion to Continue the Suppression hearing, Randall entered into a written Plea Agreement with the Government on the same January 3, 2011.
14. Upon information and belief, the Motion to Suppress Evidence is still pending as of the date of this motion.
15. On January 12, 2011, Randall entered his guilty plea in open court pursuant to the written Plea Agreement with the Government.
16. On March 3, 2011, Randall filed a *pro se* Motion to Dismiss the Indictment to which he had pled.
17. On March 5, 2011, Randall's *pro se* Motion to Dismiss the Indictment was summarily denied by the court as Randall was represented by counsel.
18. On April 6, 2011, Randall filed a *pro se* Motion to Terminate the Services of his retained counsel, Cory A. Williams, and for Appointment of Counsel.
19. On April 28, 2011, Randall filed a *pro se* Motion to Withdraw his Guilty Plea.
20. Also on April 6, 2011, Randall filed a second *pro se* Motion for Appointment of Counsel.
21. On May 10, 2011, Randall's *pro se* Motion to Withdraw his Guilty Plea was summarily denied by the court as Randall was represented by counsel.
22. On May 13, 2011, Randall's *pro se* Motion for Appointment of Counsel was granted.
23. On May 16, 2011, your movant was appointed to represent Randall.
24. Randall now renews his Motions to Withdraw his Guilty Plea and to Suppress Evidence.
25. Upon information and belief, Randall asserts that the plea was not knowing and voluntary and that he was pressured to plead guilty.
26. Upon information and belief, Randall asserts that he received erroneous information concerning applicable guideline sentencing range; that he was not advised that a guilty plea waived all non-jurisdictional defects including claims of constitutional violations occuring before the plea and that further, there are fair and just reasons for the guilty plea to be vacated.
27. That the court grant a hearing on this Motion.
28. That this motion is timely.
29. That it is in the interest of justice that this motion is granted in its entirety.

30. That no one would be prejudiced by the granting of this motion.
31. That defendant have such other and further relief as to this court is just and proper.

                              Respectfully Submitted:

                              S/CHIEGE O. KALU OKWARA
                              Bar Number: 18853
                              Ballantyne One
                              15720 John J. Delaney Drive
                              Suite #300
                              Charlotte, North Carolina 28277
                              (704) 944-3221 (Direct Line)
                              (704) 847-0499 (Emergencies)
                              (704) 846-7952 (fax)
                              Email: chiege@aol.com

                              Attorney for Defendant,
                                    JAMAR SERON RANDALL

## **MEMORANDUM OF LAW**

If a "Motion for Withdrawal of Guilty Plea," or *nolo contendere*, is made before sentencing is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of "any fair and just reason" pursuant to Fed.R. Crim.P.11.(d)(2)(B). After sentencing, a guilty plea may only be set aside by direct appeal or collateral attack pursuant to Fed.R.Crim.P ll(e). Collateral attack is under 28 U.S.C. §2255.

Motions to withdraw a guilty plea filed prior to sentencing should be granted "if for any reason the granting of the privilege seems fair and just." *Kercheval v. United States*, 274 U.S. 220, 224, 71 L.Ed..1009, 47 S.Ct. 582 (1927). Although, the *Kercheval* standard is flexible, several factors can be identified that bear on the court's exercise of its discretion. (1) Whether the defendant has asserted legal innocence; (2) Length of the delay between entry of plea and desire to withdraw; (3) Whether the defendant had the benefit of competent counsel.

Motions to withdraw a guilty plea will be granted if there's a fatal defect in the Rule 11 inquiry. When voluntariness is challenged, the court must examine the entire plea record and the totality of the circumstances surrounding the plea. Although Rule 11 violations are serious because of the due process concerns inherent in the waiver of constitutional rights, they justify withdrawal only if they affect substantial rights and are not purely technical. *Johnson v. Zerbst*, 304 U.S. 458, 464, 82 L.Ed. 1461, 58 S.Ct. 1019 (1938).

Another ground for withdrawal of a guilty plea is to prevail on a claim of ineffective assistance of counsel. The defendant must show that the plea was motivated by advice received from counsel which fell short of the range of competence demanded of attorneys in criminal cases. *See*, *Hill v. Lockhart*, 474 U.S. 52, 88 L.Ed.2d 203, 106 S.Ct 366 (1985) (defendant must show deficient performance and prejudice). Where defense counsel's incorrect legal advice rose to level of ineffective assistance of counsel and induced defendant's plea of guilty, the plea is involuntary and unintelligent.

"A criminal defendant's plea of guilty may be attacked on the ground that the defendant's counsel did not provide the defendant with reasonably competent advice." *Cuyler v. Sullivan*, 446 U.S. 335, 64 L.Ed.2d 333, 100 S.Ct. 1708 (1980). A defendant who moves to withdraw his guilty plea before sentencing on the ground that his attorney gave him bad advice is not required by Fed.R.Crim.P. 11 to prove that he would not have pleaded guilty had counsel advised him appropriately." *United States v. Davis*, 410 F.3d 1122 (9th Cir. 2005)(amending 410 F.3d 1122).

Another ground for withdrawal of a guilty plea is the court's failure to apprise the defendant of the nature of the charges including the element of intent. "Due process requires that a defendant be apprised of the nature of the charges, including the element of intent [for those offenses which intent is an element]. to which a plea of guilty is entered." *United States v. Bigman*, 906 F.2d 392, 394 (9th Cir. 1990); *Henderson v. Morgan*, 426 U.S. 637, 645-46, 49 L.Ed.2d 108, 96 S.Ct. 2253, 2257-58 (1976). Not admitting to the element of intent during a Rule 11 inquiry is grounds for a voluntariness challenge to a guilty plea. The Ninth Circuit upheld the "denial of a *Henderson* voluntariness challenge because the district court specifically questioned the defendant on the element of intent." Bigman, at 395.

"Construing Bigman's *pro se* §2255 motion and appeal liberally requires vacation of Bigman's sentence." Accordingly, Bigman is entitled to an evidentiary hearing at which the voluntariness of his plea is to be determined. If such determination is favorable to Bigman, he is entitled to a trial; if adverse, he is entitled to resentencing." *Bigman,* at 395 and 396; *Haines v. Kerner*, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972)*; Tatum v. Christensen*, 786 F.2d 959, 963 n.4 (9th Cir. 1986).

A court's failure to advise defendant who pled guilty of his right to appeal does not entitle him to habeas relief if he knew of his right and suffered no prejudice from the omission. *Peguero v. United States*, 526 U.S. 23, 143 L.Ed.2d 18, 119 S.Ct. 961 (1999).

## CONCLUSION

Based on all the foregoing, the court should grant the Motion to Withdraw his Guilty Plea, or, in the alternative, a hearing on the motion as well as a hearing on the Motion to Suppress Evidence.

**RESPECTFULLY SUBMITTED**, this the 21st day of June, 2011.

<pre>
                              S/Chiege O. Kalu Okwara
                              CHIEGE O. KALU OKWARA
                              Attorney for Defendant
                              Ballantyne One
                              15720 John J. Delaney Drive, #300
                              Charlotte, North Carolina 28277
                              (704) 944-3221 (Direct Line)
                              (704) 847-0499 (Emergencies)
                              (704) 846-7952 (fax)
                               Email: chiege@aol.com
</pre>

## CERTIFICATE OF SERVICE

I hereby certify that the attached pleading was served upon the following attorneys by electronic service via ECF filing:

**JENNY GRUS SUGAR**
United States Attorneys Office
227 West Trade Street, Suite 1700
Charlotte , NC 28202
704-338-3117
Fax: 704-227-0254

Email: Jenny.Sugar@usdoj.gov

This the 21st day of June, 2011.

<pre>
                              S/Chiege O. Kalu Okwara
                              CHIEGE O. KALU OKWARA
                              Attorney for Defendant
                              Ballantyne One
                              15720 John J. Delaney Drive, # 300
                              Charlotte, North Carolina 28277
                              (704) 944-3221 (Direct Line)
                              (704) 847-0499 (Emergencies)
                              (704) 846-7952 (fax)
                              Email: chiege@aol.com
</pre>

ck.wk/randall.withdraw.plea.mot