UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:10CR174-MOC |
| | ) | |
| v. | ) | |
| | ) | **GOVERNMENT'S OPPOSITION** |
| JAMAR SERON RANDALL | ) | **TO DEFENDANT'S MOTION** |
| | ) | **TO WITHDRAW GUILTY PLEA** |

The defendant has failed to meet his burden to establish a fair and just reason to withdraw his guilty plea. The United States therefore requests that the defendant's motion be denied.

**FACTUAL BACKGROUND**

On August 17, 2010, a federal grand jury sitting in the Western District of North Carolina indicted Jamar Seron Randall (RANDALL) on one count of possession of a firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1). RANDALL was arrested on this charge on October 6, 2010. On October 12, 2010, RANDALL was arraigned on the indictment and was ordered detained. Retained counsel Cory Williams represented RANDALL at the arraignment. Following arraignment, District Judge Frank D. Whitney scheduled RANDALL's trial for January 5, 2011. On January 3, 2011, a plea agreement, signed by RANDALL, Williams, and the Government, was filed with the Court. On January 12, 2011, RANDALL entered his guilty plea before Magistrate Judge David S. Keesler.

On March 3, 2011, RANDALL filed a pro-se motion to dismiss the indictment asserting that the District Court lacked subject matter and personal jurisdiction. On March 5, 2011, the order was denied by the Court. On April 28, 2011, RANDALL filed a pro-se motion to withdraw his guilty plea, asserting his conviction was barred based on double jeopardy, and RANDALL

also filed a motion for appointment of counsel.  On May 10, 2011, RANDALL's motion to withdraw his guilty plea was denied.  Following a May 13, 2011 hearing, David S. Keesler granted RANDALL's motion to appoint counsel.

On May 16, 2011, Chiege O. Kalu Okawara was appointed counsel for RANDALL.  On June 21, 2011, RANDALL, through counsel, filed a motion to withdraw his guilty plea, citing, among other things, RANDALL's previous filings..

## PROCEDURAL HISTORY OF GUILTY PLEA

On January 12, 2011, RANDALL pled guilty to possession of a firearm by a convicted felon.  At the plea hearing, Magistrate Judge David Keesler asked RANDALL a series of questions to ensure that RANDALL's plea was knowing and voluntary.  Specifically, Judge Keesler asked RANDALL, "Is your mind clear today and do you understand you're here to enter a guilty plea that cannot later be withdrawn?" Transcript of Plea Hearing at 4.  RANDALL indicated that he did.  *Id.*  Judge Keesler asked RANDALL if he understood his plea agreement and whether he had been over it carefully with his attorney.  *Id.* at 29.  RANDALL indicated that he did.  *Id.*

Judge Keesler also asked RANDALL if anyone had threatened, intimidated or forced him to enter a guilty plea, and RANDALL stated, "No, sir."  *Id*. at 14.

Prior to accepting the defendant's guilty plea, Judge Keesler asked RANDALL several key questions:

> THE COURT: Now, has anyone threatened, intimidated or forced you to enter your guilty plea today?
>
> DEFENDANT RANDALL No, sir.

2

THE COURT: Other than the terms of your Plea Agreement, has anybody made you promises of lenience or a light sentence to get you to pled guilty?

DEFENDANT RANDALL No, sir....

....

THE COURT: Have you had enough time to discuss with your attorney **any possible defenses you may have to these charges ?**

DEFENDANT RANDALL: Yes, sir. . . .

*Id.* at 14, 18 (emphasis added). RANDALL admitted that he was guilty of the charge set forth in the Bill of Indictment. *Id.* at 10. RANDALL also signed the Court's standard Entry and Acceptance of Guilty Plea form, which reflected all the information described above. Docket Entry 16. Thereafter, the Court found RANDALL's plea of guilty to Count One to be knowingly and voluntarily made and accepted the plea. *See* Plea Hearing Transcript at 31.

RANDALL's guilty plea was suspended for a few hours after RANDALL expressed his frustration about not receiving the extra for acceptance of responsibility under the U.S. Sentencing Guidelines. As a result, the transcript contains a much more detailed account of the attorney and client discussions regarding the propriety of the plea than are normally contained on the record. Ultimately, RANDALL decided to continue with the guilty plea after discussions with his attorney.

On March 3, 2011, seven weeks after his plea hearing, RANDALL filed a pro se motion to dismiss the criminal instrument. Docket Entry 19. On April 28, 2011, RANDALL filed a pro se motion to withdraw his guilty plea. Docket Entry 21.

Five months after the entry of his guilty plea, on June 21, 2011, RANDALL filed the instant motion to withdraw his guilty plea.

## ARGUMENT

Withdrawal of a guilty plea is not a matter of right. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Instead, the defendant bears the burden of demonstrating a fair and just reason for the withdrawal. *United States v. Ubakanma*, 215 F.3d 421, 424 (2000); Fed. R. Crim. P. 11(d)(2)(B). The Fourth Circuit Court of Appeals articulated a non-exhaustive list of six factors for the district court to consider in determining whether a defendant has met his burden in establishing a fair and just reason for the withdrawal of a plea of guilty:

(1)     whether the defendant has offered credible evidence that his plea was
        not knowing or not voluntary;

(2)     whether the defendant has credibly asserted his legal innocence;

(3)     whether there has been a delay between the entering of the plea and the
        filing of the motion;

(4)     whether defendant has had close assistance of competent counsel;

(5)     whether withdrawal will cause prejudice to the government; and

(6)     whether the withdrawal of the plea will inconvenience the court and waste judicial
        resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The district court's evaluation of these factors and the decision on whether a defendant has met his burden in establishing a justification for the withdrawal of a guilty plea is reviewed by the Court of Appeals under the abuse of discretion standard. *United States v. Wilson*, 81 F.3d 1300, 1305 (4th Cir. 1996).

4

As a starting point in considering RANDALL's motion, it must be recognized that "it is essential to an orderly working of the criminal justice system that guilty pleas tendered and accepted in conformity with Rule 11 can be presumed final." *United States v. Sparks*, 67 F.3d 1145, 1153 (4th Cir. 1995). *See also United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc) (a properly-conducted Rule 11 hearing raises a strong presumption that the guilty plea is final and binding).

RANDALL's motion to withdraw his guilty plea provides scant basis on which the withdrawal should be approved. RANDALL does not frame his argument in a manner that cites to the above-cited factors, but, at bottom, makes broad assertions that the plea was not knowing and voluntary. Specifically, RANDALL asserts that his guilty plea should be withdrawn (1) because of the renewal of the reasons previously cited in his pro-se motions; (2) because "the plea was not knowing and voluntary and that he was pressured to plead guilty" and (3) because:

> [H]e received erroneous information concerning applicable guideline sentencing range; that he was not advised that a guilty plea waived all non-jurisdictional defects including claims of constitutional violations occurring before the plea and that further, there are fair and just reasons for the guilty plea to be vacated.

RANDALL provides no credible evidence to support any of these claims. These claims are not a "fair and just reason" for withdrawing the properly accepted guilty plea, and RANDALL's motion should therefore be DENIED.

### 1.    Knowing and Voluntary Nature of the Plea

A properly-conducted Rule 11 colloquy weighs heavily against granting a motion to withdraw a guilty plea. *United States v. Faris*, 388 F.3d 452, 456 (4th Cir. 2004); *Wilson*, 81

5

F.3d at 1306 ("an appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding.")  With respect to a defendant's statements made during his Rule 11 hearing, the Fourth Circuit has made clear that the justice system must be able to rely on such statements and that "[s]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." *Lambey*, 974 F.2d at 1395; *see also Wilson*, 81 F.3d at 1308 (a defendant's statements made during a Rule 11 colloquy are presumed to be true).

Here, RANDALL asserts that his plea was not voluntary and knowing without citing any specific reasons other than that "he received erroneous information concerning applicable guideline sentencing range; that he was not advised that a guilty plea waived all non-jurisdictional defects including claims of constitutional violations occurring before the plea and that further, there are fair and just reasons for the guilty plea to be vacated."  Document 24.  RANDALL's claims are directly contradicted by the record.

At the outset of the hearing, RANDALL acknowledged that he was providing testimony under oath and that false information would subject him to prosecution for perjury.  Transcript of Plea Hearing at 3.  Judge Keesler asked RANDALL during the plea colloquy whether he was aware of the maximum penalty, and RANDALL responded yes.  *Id.* at 26.  Judge Keesler asked RANDALL if he had talked to his attorney about how the how the U. S. Sentencing Guidelines might apply in his case, and RANDALL stated that he had.  *Id*. at 6.  Judge Keesler asked RANDALL if he understood that his right to appeal his conviction and/or his sentence had been expressly waived in the plea agreement, and RANDALL stated that, "Yes, sir."  *Id*. at 13.  Judge

6

Keesler further asked RANDALL if he understood that the right to challenge his conviction and/or sentence in post-conviction proceedings had also been expressly waived, and RANDALL stated, "Yes, sir." *Id*. at 13-14. Nevertheless, RANDALL now claims that he did not understand the sentencing guidelines range and that he did not understand his waiver of his appellate rights. Such last minute, bald, self-serving claims cannot undermine the integrity of the plea hearing and the acceptance of the guilty plea. *See Lambey*, 974 F.2d at 1395; *Wilson*, 81 F.3d at 1308, and are not a fair and just reason for withdrawing his plea. *See Faris*, 388 F.3d at 457 (affirming denial of motion to withdraw guilty plea where motion alleged promises of a lenient sentence but defendant "specifically averred during the plea colloquy that nobody made any promises other than those in the plea agreement").

Judge Keesler also asked RANDALL whether he was under the influence of alcohol, medicines or drugs of any kind and he responded no. RANDALL was also asked whether his mind was clear and whether he understood that he was to enter a guilty plea that could not later be withdrawn and RANDALL replied that he understood. Transcript of Plea Hearing at 4. The thorough plea hearing and the signed Plea Agreement demonstrate that the plea was knowing and voluntary.

### 2. Credible Assertion of Legal Innocence

RANDALL has made no assertion that he is factually innocent of the crimes charged. RANDALL specifically admitted to factual guilt in paragraph one of the Plea Agreement. However, RANDALL has asserted that he is legally innocent of the charges based on double jeopardy in violation of the Fifth Amendment in his pro se motion to withdraw his guilty plea.

7

Document 21. RANDALL pleaded guilty to state charges related to the same firearm and traffic stop which are the basis for his federal indictment.

RANDALL has no meritorious double jeopardy defense, and this issue was specifically discussed during his plea hearing. Transcript of Plea Hearing at 21-24. There is no general statutory bar to a federal prosecution where the defendant's conduct already has formed the basis for a state prosecution. Successive state and federal prosecutions based on the same acts are not in violation of the Fifth Amendment. *See Bartkus v. People of State of Ill.*, 359 U.S. 121, 132 (1959); *U.S. v. Iaquinta*, 674 F.2d 260, 264 (4th Cir. 1982)(stating that the doctrine of dual sovereignty recognizes that the federal government is not bound by the actions of state authorities and that successive state and federal prosecutions are constitutionally permissible.)

In light of the above repeated admissions of guilt, both in his plea hearing in this case and his plea hearing in the state case, as well as in light of RANDALL's misunderstanding of double jeopardy, he cannot legitimately assert legal innocence. *See United States v. Self*, 2010 WL 3262210 at *3 (4th Cir. 2010) (affirming denial of motion to withdraw guilty plea based on claim of public authority defense because defendant could not show legal innocence where he also gave extensive statements of his guilt).

### 3.    Delay between entry of the plea and filing of the motion

The Fourth Circuit previously has held that a period of six weeks was sufficient to constitute a "long delay[]." *Moore*, 931 F.2d at 248. In this case, RANDALL's initial pro-se filing which objected to the jurisdiction of the court, was not filed until March 3, 2011. This motion did not include any valid reasons to withdraw RANDALL's guilty plea and instead asserted frivolous arguments about jurisdiction and the Uniform Commercial Code. The delay of

8

more than seven weeks in filing the motion militate against withdrawal of RANDALL's plea. *See United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993) (finding that eight-week delay supports denial of motion to withdraw guilty plea). RANDALL's subsequent pro-se motion to withdraw his guilty plea, filed on April 28, 2011, asserts only one reason that the plea should be withdrawn: he argues that his counsel failed to explain to him double jeopardy and suggests that double jeopardy is somehow a defense to the charge to which he held guilty. As discussed above, this argument is without merit and the issue had been discussed with his attorney.

Finally, on June 21, 2011, RANDALL filed a motion to withdraw his guilty plea through his new counsel. This motion seems to adopt his previous filings and offers little other information as to why he should be permitted to withdraw his guilty plea. The motion certainly provides no factual basis regarding why his plea was not knowingly and voluntarily made.

4.      Close Assistance of Competent Counsel

Based on a review of RANDALL's two pro-se motions, the sole complaint RANDALL appears to have with the advice of his previous attorney is Williams's failure to discuss the double jeopardy issue. The transcript of RANDALL's plea hearing includes RANDALL's plea discussions with his attorney and shows that he had the assistance of counsel and that they did in fact discuss the double jeopardy issue, as well as RANDALL's potential sentence and his waiver of appellate rights.

**4.      Prejudice to the United States**

The prejudice caused to the United States is fairly typical of the prejudice caused in all cases where a plea is sought to be withdrawn. *See Moore,* 931 F.2d at 248 (noting that lack of prejudice is not dispositive).

9

## 5.     Inconvenience to the Court and Waste of Judicial Resources

Like prejudice to the Government, this factor is generally considered significant only if a defendant has already established a fair and just reason for the withdrawal of a guilty plea which he has failed to do. *United States v. Sparks*, *supra*, 67 F.3d at 1153. Here, withdrawal of the guilty plea would waste judicial resources because evidence of RANDALL's guilt, including his own repeated admissions of guilt, is so overwhelming. *See Faris*, 388 F.3d at 460 (finding that it would be a waste of resources to test the possibility of acquittal at trial where the defendant had made credible admissions of guilt.)

## RENEWAL OF MOTION TO SUPPRESS EVIDENCE

In addition to seeking to withdraw his guilty plea, RANDALL also renews his motion to suppress evidence. Docket number 24, p. 2. Because the Court should deny RANDALL's motion to withdraw his guilty plea, this motion should also be denied.

## CONCLUSION

A proper analysis of the *Moore* factors demonstrates that RANDALL cannot meet his burden for showing a fair and just reason for withdrawing his guilty plea. The Motion to Withdraw Guilty Plea therefore should be denied.


RESPECTFULLY SUBMITTED, this the 29th day of June, 2011.

10

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

/s Jenny Grus Sugar
Jenny Grus Sugar
Assistant U.S. Attorney
Bar: State of New York
Attorney for the Plaintiff/Government
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, NC 28202
(704) 344-6222
(704) 344-6629 Fax
Jenny.Sugar@usdoj.gov

11

## CERTIFICATE OF SERVICE

I, Jenny Grus Sugar, do hereby certify that I have served a copy of the attached Opposition to Motion to Withdraw Plea upon the following via electronic filing:

Chiege O. Kaul Okwara
Counsel for Defendant

June 29, 2011

/s Jenny Grus Sugar
Jenny Grus Sugar
Assistant U.S. Attorney
Bar: State of New York
Attorney for the Plaintiff/Government
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, NC 28202
(704) 344-6222
(704) 344-6629 Fax
Jenny.Sugar@usdoj.gov