IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10CR174-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JAMAR SERON RANDALL, )<br>)<br>Defendant. )<br>_____) | MEMORANDUM AND ORDER |

**THIS MATTER** is before the Court on Defendant's "Motion to Withdraw Guilty Plea" filed on June 21, 2011. Doc. 24. The Honorable Max O. Cogburn, Jr., United States District Judge, referred the matter to the undersigned. Doc. 28.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that there is no basis for allowing withdrawal of Defendant's guilty plea, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2010, a federal grand jury sitting in the Western District of North Carolina indicted Defendant on one count of possession of a firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1). Defendant was arrested on this charge on October 6, 2010. On October 12, 2010, Defendant was arraigned on the indictment and ordered detained. Retained counsel Cory Williams represented Defendant at the arraignment. Following arraignment, the Honorable Frank D. Whitney, United States District Judge, scheduled Defendant's trial for January 5, 2011. On January 3, 2011, a plea agreement signed by Defendant, Williams, and the Government, was filed with the Court. On January 12, 2011, Defendant entered his guilty plea before the Honorable David C. Keesler, United States Magistrate Judge.

On March 3, 2011, seven weeks after his plea hearing, Defendant filed a pro-se Motion to

1

dismiss the indictment asserting that the District Court lacked subject matter and personal jurisdiction. Doc. 19. On March 5, 2011, the Motion was denied by Judge Whitney. On April 28, 2011, Defendant filed a pro-se Motion to withdraw his guilty plea, asserting his conviction was barred by double jeopardy. Defendant also filed a Motion for appointment of counsel. Docs. 21 and 22. On May 10, 2011, Defendant's pro-se Motion to withdraw his guilty plea was denied by the undersigned. Following a May 13, 2011 hearing, Magistrate Judge Keesler granted Defendant's Motion to appoint counsel. On May 16, 2011, Chiege O. Kalu Okawara was appointed counsel for Defendant. Five months after the entry of his guilty plea, on June 21, 2011, Defendant, through counsel, filed the instant Motion to withdraw his guilty plea, citing among other things, Defendant's previous pro-se filings.

## II. PROCEDURAL HISTORY OF GUILTY PLEA

On January 12, 2011, Defendant pled guilty to possession of a firearm by a convicted felon. At the plea hearing, Magistrate Judge Keesler asked Defendant a series of questions to ensure that Defendant's plea was knowing and voluntary. At the outset of the hearing, Defendant acknowledged that he was providing testimony under oath and that false information would subject him to prosecution for perjury. Transcript of Plea Hearing at 3. Judge Keesler asked Defendant, "Is your mind clear today and do you understand you're here to enter a guilty plea that cannot later be withdrawn?" Id. at 4. Defendant indicated that he did. Id. Judge Keesler also asked Defendant whether he was under the influence of alcohol, medicines or drugs of any kind and he responded no. Judge Keesler asked Defendant if he had talked to his attorney about how the U. S. Sentencing Guidelines might apply in his case, and Defendant stated that he had. Id. at 6. Defendant admitted that he was guilty of the charge set forth in the Bill of Indictment. Id. at 10. Judge Keesler asked Defendant if he understood that his right to appeal his conviction and/or sentence had been expressly

2

waived in the plea agreement, and Defendant stated, "Yes, sir." Id. at 13. Judge Keesler further asked Defendant if he understood that the right to challenge his conviction and/or sentence in post-conviction proceedings had also been expressly waived, and Defendant stated, "Yes, sir." Id. at 13-14. Judge Keesler also asked Defendant if anyone had threatened, intimidated or forced him to enter a guilty plea, and Defendant stated, "No, sir." Id. at 14.

Judge Keesler asked Defendant if he had enough time to discuss with his attorney any possible defenses he might have to the charges, and Defendant stated, "Yes, sir." Id. at 18.

At one point during the colloquy, Defendant stated that he had a "little concern" about the Sentencing Guidelines. Id. at 6. He was allowed to confer with counsel, and then answered Judge Keesler in the affirmative as to his understanding of the operation of the Guidelines and the sentencing process. Id. at 7. Later in the colloquy, Defendant raised the issue of "losing a point" for acceptance of responsibility under the Guidelines. Id. at 14. Defense counsel and the Assistant U.S. Attorney advised the Court that Defendant was not entitled to an additional point for acceptance of responsibility because he had not entered his plea by the deadline set by the Government. Id. at 15-17. Defendant was again allowed to confer with counsel. Id. at 18. Judge Keesler read the portion of the plea agreement relating to acceptance of responsibility to Defendant and asked if he understood it. Defendant answered "Yes sir." Id. Defendant then answered "No" to the Court's question as to whether he was satisfied with the services of his attorney. Id. at 19. Judge Keesler adjourned the hearing sua sponte at 1:06 p.m. for Defendant to confer further with counsel. Id. at 20. The hearing resumed at 1:57 p.m. Id. at 21. The Court continued the plea colloquy and repeated its questions about the plea agreement. Id. at 26-27. Defendant answered that he understood the terms of the plea agreement relating to acceptance of responsibility and that he wished to proceed with his guilty plea. Id. at 27. Judge Keesler asked Defendant again if he was

3

satisfied with the services of his attorney. He answered "Yes sir." Id. Defendant told the Court that his attorney had done a "good job." Id. at 28. Finally, Defendant acknowledged that he understood the plea proceedings and still wished to plead guilty. Id.

Defendant signed the Court's standard Entry and Acceptance of Guilty Plea form, which reflected all the responses described above. Doc. 16. Thereafter, Judge Keesler found Defendant's plea of guilty to be knowingly and voluntarily made and accepted the plea. Plea Hearing Transcript at 31.

### III. DISCUSSION

Withdrawal of a guilty plea is not a matter of right. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Instead, the defendant bears the burden of demonstrating a fair and just reason for the withdrawal. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Rule 11(d) of the Federal Rules of Criminal Procedure places the burden on Defendant to show a "fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d). In determining whether a defendant has met this burden, a court should consider several factors including: (1) whether the defendant provided credible evidence that his plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether defendant had close assistance of competent counsel; (5) whether withdrawal will prejudice the Government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Defendant does not reference the factors cited above, but instead asserts that he should be allowed to withdraw his plea (1) because of the reasons previously cited in his pro-se Motions, which assert that his counsel failed to explain double jeopardy to him and that double jeopardy is

4

somehow a defense to the charge to which he plead guilty; (2) because "the plea was not knowing and voluntary and that he was pressured to plead guilty" and (3) because:

> [H]e received erroneous information concerning applicable guideline sentencing range; that he was not advised that a guilty plea waived all non-jurisdictional defects including claims of constitutional violations occurring before the plea and that further, there are fair and just reasons for the guilty plea to be vacated.

Doc. 24.

Defendant offers no credible evidence to support any of these claims. Defendant's assertion that his plea was not voluntary and knowing is directly contradicted by the record of his plea colloquy. Nevertheless, Defendant now claims that he did not understand the sentencing guidelines range and that he did not understand the waiver of his appellate rights. These self-serving claims cannot undermine the integrity of the plea hearing and the acceptance of the guilty plea, See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir.1992); United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996), and are not a fair and just reason for withdrawing his plea. See United States v. Faris, 388 F.3d 452, 457 (4th Cir. 2004) (affirming denial of motion to withdraw guilty plea where motion alleged promises of a lenient sentence but defendant "specifically averred during the plea colloquy that nobody made any promises other than those in the plea agreement").

Defendant makes no credible assertion that he is legally innocent of the crime charged. In fact, Defendant specifically admitted his guilt in paragraph one of the Plea Agreement. Doc. 15. Defendant now claims that he is legally innocent of the charge based upon double jeopardy, as asserted in his pro-se Motion to withdraw his guilty plea. Doc. 21. Defendant pleaded guilty to state charges related to the same incident that is the basis for the federal indictment. This is not a meritorious double jeopardy defense, and this issue was specifically discussed during Defendant's plea hearing. Transcript of Plea Hearing at 21-24.

5

There is no general statutory bar to a federal prosecution where the defendant's conduct has already formed the basis for a state prosecution. Successive state and federal prosecutions based on the same acts do not violate the Fifth Amendment. See Bartkus v. People of State of Ill., 359 U.S. 121, 132 (1959); U.S. v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982)(holding that the doctrine of dual sovereignty recognizes that the federal government is not bound by the actions of state authorities and that successive state and federal prosecutions are constitutionally permissible). In light of his admissions of guilt in both state and federal proceedings, as well as his misunderstanding of double jeopardy, Defendant cannot credibly assert legal innocence. See United States v. Self, 393 F. App'x 47, 50 (4th Cir. 2010) (affirming denial of motion to withdraw guilty plea based on claim of public authority defense because defendant could not show legal innocence where he also gave extensive statements of his guilt).

With regard to the delay between entering the plea and moving for withdrawal, Defendant pled guilty on January 12, 2011. In his first pro-se filing on March 3, 2011, seven weeks after the plea hearing, Defendant objected to the jurisdiction of the Court and asserted frivolous arguments citing the Uniform Commercial Code. He did not move to withdraw his guilty plea. It was only in subsequent filings that Defendant sought to withdraw his guilty plea. The Fourth Circuit has held that a period of six weeks was sufficient to constitute a "long delay[]." Moore, 931 F.2d at 248. The delay of more than seven weeks weighs against withdrawal of Defendant's plea.

With regard to whether defendant had close assistance of competent counsel, Defendant's two pro-se Motions assert that he is dissatisfied with his previous attorney's failure to explain the double jeopardy issue. However, the transcript of Defendant's plea hearing shows that he had the close assistance of competent counsel and that they did in fact discuss the double jeopardy issue, as

6

well as Defendant's potential sentence and his waiver of appellate rights. The Court also allowed Defendant ample time to confer with counsel during the plea hearing.

The final considerations are whether withdrawal of the guilty plea will prejudice the Government, inconvenience the Court, and waste judicial resources. These factors are not considered significant unless a defendant has already established a fair and just reason for the withdrawal of a guilty plea. United States v. Sparks, 67 F.3d 1145, 1153 (4th Cir. 1995). Defendant has failed to do so in this case.

Based on the above analysis, the Court finds that there is no basis for allowing Defendant to withdraw his guilty plea. Therefore, Defendant's Motion for withdrawal of guilty plea is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Max O. Cogburn, Jr..

**SO ORDERED.**

Signed: July 14, 2011

David S. Cayer
United States Magistrate Judge

7

Case 3:10-cr-00174-MOC   Document 31   Filed 07/14/11   Page 7 of 7