UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Criminal Docket No. 3:10CR174-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>JAMAR SERON RANDALL. )<br>)<br>Defendant. )<br>_____ _ ) | DEFENDANT'S OBJECTIONS TO<br>MAGISTRATE'S JUDGE'S MEMORANDUM<br>AND ORDER DENYING  DEFENDANT'S MOTION<br>TO WITHDRAW PLEA |

COMES NOW the Defendant, Jamar Sermon Randall (hereinafter "Randall" or "Defendant"), by and through the undersigned counsel, and objects to Magistrate Judge's Memorandum and Order denying Defendant's Motion To Withdraw Guilty Plea entered on June 21, 2011 and further moves the District Court Judge to review and set aside the Magistrate Judge's Memorandum and Order.

In support of his objection, Defendant offers the following, to wit:

I.     PROCEDURAL HISTORY

1.     On August 17, 2010, a Bill of Indictment and Warrant for Arrests were issued charging Defendant with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

2.      On October 6, 2010, Randall was arrested and had his initial appearance with counsel from the Federal Defender's Office and was subsequently represented by retained counsel, George Laughrun.

3.      On October 12, 2010, Randall appeared for his detention and arraignment hearings with <u>a federal public defender</u>. Randall subsequently retained Cory Williams as counsel in this matter.

4.      On December 1, 2010, Randall through counsel filed a Motion to Suppress Evidence.

5.      On December 13, 2010, the government filed a Response to the Motion to Suppress Evidence.

6.      The Motion to suppress Evidence was scheduled for a hearing on January 3, 2011.

7.      On January 1, 2011, Randall, through counsel, filed an unopposed Motion to Continue the hearing on the Motion to suppress and trial.

8.      On January 3, 2011, the court denied the Motion to Continue the Suppression hearing. Thus, the district court scheduled the jury selection and trial of Randall's case for January 4, 2011 and January 5, 2011.

9.      After the denial of the Motion to Continue, Randall entered into a written Plea Agreement with the government.

10.     On January 12, 2011, Randall entered his guilty plea in open court pursuant to the written Plea Agreement with the Government.

11. On March 3, 2011, Randall filed a pro se motion to Dismiss the indictment to which he had pled, which was summarily denied by the court on March 5, 2011.

12. On April 6, 2011, Randall filed a pro se motion to terminate the services of retained Counsel Cory Williams and for appointment of Counsel, which motion was granted on May 13, 2011.

13. On April 28, 2011, Randall filed a *pro se* Motion to withdraw his guilty plea, which was summarily denied by the Court on May 10, 2011.

14. On May 16, 2011 the undersigned was appointed to represent Randall.

15. On June 21, 2011, Randall through counsel renewed his Motion to Withdraw his Guilty Plea and to Suppress Evidence.

16. On July 14, 2011, The Honorable David S. Cayer entered a Memorandum and Order denying the Randall's Motion to withdraw his plea and did not rule on Randall's motion to suppress.

. II. **ARGUMENT**

<u>The Magistrate Judge 's decision that the facts do not establish that Defendant had a fair and just reason for the withdrawal of his plea is clearly erroneous or contrary to law</u>

Federal Rule of Criminal Procedure 11 authorizes the withdrawal of a guilty plea before sentencing if the defendant can show a fair and just reason for requesting the withdrawal, Fed. R. Crim. P. 11(d) (2) (B). A defendant has no "absolute right" to withdraw a guilty plea, and the district court has discretion to decide whether a "fair and just reason" exists upon which to grant

a withdrawal. *United States v. Unbakanma*, 215 F.3d 421, 424 (4th Cir. 2000); *United States* v. *Moore*, 931 F.2d at 248 (4th Cir. 1991).  The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted.  See *United* States v. Wilson, 81F, 3d 1300, 1307 (4th Cir. 1996). Thus, when a district court considers the plea withdrawal motion, the inquiry is ordinary confined to whether the underlying plea was both counseled and voluntary *United States v. Willis*, 992 F.2d 489 (4th Cir. 1993).

In light of the fact that a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn, the court articulated a list of non-exclusive factors for a district court to consider in deciding a plea withdrawal motion. *United States v. Bowman,* 348 F.3d 408, 414. Those factors are: (1) whether the defendant has offered has credibly asserted legal innocence, (3) whether there has been a delay between entry of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will prejudice the government, and (6) whether withdrawal inconvenience the court and waste judicial resources. *Ubakanma.* 215 F.3d at 424 (citing *United States v. Moore*, 931 F.2d 245, 248) (4thCir. 1991). The consideration of these factors is not "a rigidly mechanistic test, for the conspicuous fuzziness of [the] operative terms -- 'fair and just' -- precludes such an endeavor." *United States v. Sparks,* 67 F.3d 1145, 1154 (4th Cir. 1995). However, a district court typically should balance these factors, along with any other pertinent information, to reach its decision. *See United States v. Faris,* 388 F.3d 452, 461, 107 Fed. Appx. 308 (4th Cir. 2004).

The Magistrate's Memorandum and Order mistakenly concluded that the Defendant failed to establish a fair and just reason for the withdrawal of his guilty plea.  It is clear from the Rule 11

hearing that Randall had serious concerns about the plea that would have led the court to consider whether the plea was of free will and voluntary. The Court at one point during the hearing had questions regarding Randall's decision to plea guilty:

THE COURT: Well, you know, Mr. Williams, he's got to make a knowing choice here today to do this. 17

THE COURT: Are you satisfied with the services of your attorney in this case?

DEFENDANT RANDALL: No

THE COURT: No

Allright lets do this: I'm going to suspend this. I think that Mr. Randall probably just needs some additional time with Mr. Williams to talk this through, so I'm going to stop right there and we'll pick up at a later time, Mr. Williams , if you tell us that's what the appropriate action is.

DEFENDANT RANDALL: So you're saying the plea is over now?

THE COURT: Well, no, what I'm saying to you is that I'm going to stop the plea and Rule 11 proceeding at this point and give you some additional time with Mr. Williams to talk this through, so I'm going to stop right there and we'll pick this up at a later time, Mr. Williams, if you tell us that's what the appropriate action is. Transcript of Plea Hearing at 19-20.

It is clear that Randall is feeling pressured into going through with the plea and that the court through its comments can sense this reluctance. Under these circumstances the plea was not voluntary.

In this case the Randall entered a guilty plea after the court denied his motion to suppress and to continue his trial date and forced him to proceed to court with within 2 to 3 days with an

unprepared counsel. It is noted that Randall's then counsel did not show up for the hearing on the Randall's motion and court appeared to take personal affront to the detriment of Randall.

It is clear that Randall and his attorney, at the time of his plea had major disagreements on representation that justify withdrawal of the guilty plea. Randall may withdraw his plea only if he makes two showings: (1) that his counsel's performance "fell below an objective standard of reasonableness" and (2) that he was prejudiced in the sense that "there [was] a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 57, 59, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985). Randall has met that burden.

Contrary to the finding of the Magistrate's finding the record clearly states that Randall did not have close assistance of competent counsel and issue of double jeopardy was not discussed until after Randall had entered a plea and under the hurried and stressful conditions of the Rule 11 hearing. The court seemed to comment on this at calendar call on January 3, 2011:

THE COURT: You don't have to worry about Mr. Williams being here this morning, he would be able to argue why he's not available. But since he's not here he loses that: he forfeits that battle. Transcript of Calendar Call at 5.

Randall's former counsel admits to error during the Rule 11 proceeding:

MR.WILLIAMS: Your honor, this is a case that Mr. Randall—the offense date was January 28th, 2010.

Mr. Randall took a plea in state court back in August, I think the 17th—31st of 2010.

Before that happened, on August 17th the indictment

was issued in this case, in federal court, but he was not

served in this case, in federal court, but he was not

Served, he was not notified of that prior to him taking a

state plea. So he was placed on probation. He was out until

sometime early October. At that time he was arrested. So that's kind of led to where we are

today, because it is true that's he's in all actuality, being punished twice for the same offense.

Transcript of Plea at 21-22.

It is clear on the face of the proceeding that Randall did not have the close assistance of competent counsel, the fourth *Moore* factor. Randall points to the prolonged discussions during the Rule 11 hearing and the matters set forth in his affidavit and counsel's hurried efforts in convincing him to plead guilty when the matter was imminent to be called for trial. The record supports Randall's contentions that he would not have pled to the State charges if he had been properly advised. Randall believes that he his former counsel did not aggressively nor competently represent him nor pursue any area of defense suggested by Randall.

The court makes it clear that it was considering not accepting Randall's plea based upon the concern of Randall. Id. at 19. The court should give great deference to credibility determination, which depends on the court's observation of the witnesses' demeanor and manner. *United States v. Saunders*, 886 F.2d 56, (4th Cir. 1989); *United States v. Cecil*, 836 F2d 1431 (4th Cir. 1988).

The Magistrate failed to consider Randall's motion to suppress when discussing the exisitence of assertion that he is legally innocent the crime charged. If successful Randall would be found innocent of the charge because of a lack of a weapon. In attempting to withdraw from a guilty plea, a defendant's burden is to credibly assert his legal innocence: that is, to present evidence that (1) has the quality or power of inspiring belief, and (2) tends to defeat the elements

in the government's prima facie case or to make out a successful affirmative defense. The record is clear that Randall had continually voiced his innocence in this case. The plea in State court was a matter of convenience because the conviction did not include a time of incarceration. His demeanor at the Rule 11 hearing shows his belief that he was innocent and his motions, in particular the motion to suppress shows and request for witnesses show his belief in his innocence.

With regard to the delay between entering the plea and moving forward for withdrawal, the Magistrate only states that seven weeks between the plea and the motion to withdraw is too long. Under the circumstances of this case, the delay is justified when Randall was a pro se defendant awaiting the appointment of substitute counsel.

In reviewing the totality of the circumstances, the Magistrate Judge placed too much emphasis upon not disrupting the trial calendar. Randall expressed concern about the plea and the performance of his counsel. The Magistrate Judge failed to refuse the plea after his exploration of the concerns of Randall clearly showed potential problems with the factors set out in Moore. He mistakenly ignores the grave concerns of Randall and tries to overcome them by calling Randall very smart. Further, ineffective assistance of counsel appears on the face of the record and should have been fully addressed by the court. *United States v. Defusco*, 949 F.2d 114 (4th Cir. 1991).

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Magistrate Judge's Order be set aside and that the court grant the defendant's motion to withdraw guilty plea and schedule a hearting on Randall's motion to suppress.

This the 28th day of July, 2011.

 s/Chiege O. Kalu Okwara
CHIEGE O. KALU OKWARA
Attorney for Defendant,
JAMAR SERON RANDALL
Ballantyne One
15720 John J. Delaney Drive
Suite # 300
Charlotte, North Carolina 28277
(704) 944-3221 (Direct Line)
(704) 847-0499 (Emergencies)
(704) 846-7952 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that the attached pleading was served upon the following attorneys by electronic service via ECF filing:

**JENNY GRUS SUGAR**
United States Attorneys Office
227 West Trade Street, Suite 1700
Charlotte , NC 28202
704-338-3117
Fax: 704-227-0254

Email: Jenny.Sugar@usdoj.gov

This the 28th day of July, 2011.

s/Chiege O. Kalu Okwara
CHIEGE O. KALU OKWARA
Attorney for Defendant
Ballantyne One
15720 John J. Delaney Drive, # 300
Charlotte, North Carolina 28277
(704) 944-3221 (Direct Line)
(704) 847-0499 (Emergencies)
(704) 846-7952 (fax)
Email: chiege@aol.com

ck.wk/randall.withdraw.plea.obj