UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Criminal Docket No. 3:10CR000174-1-MOC

---------------------------------------------------------------)
**UNITED STATES OF AMERICA,**         )
         ) <u>MOTION TO SUPPRESS</u>
         ) <u>EVIDENCE AND</u>
         ) <u>STATEMENTS</u>
      **-vs-**        )
         )
**JAMAR SERON RANDALL.**         )
---------------------------------------------------------------)

**COMES NOW** the Defendant, JAMAR SERON RANDALL (hereinafter "Randall"), by and through his undersigned counsel, and respectfully moves this Honorable Court, pursuant to the applicable rules of the Federal Rules of Criminal Procedure and, specifically, Rule 12(b) of the Federal Rules of Criminal Procedure, the Fourth Amendment to the United States Constitution, and the holdings of the United States Supreme Court and our Federal Courts, to suppress any evidence seized from the defendant's automobile as such evidence was recovered from an illegal search and seizure in violation of the defendant's Fourth Amendment Rights against unreasonable searches and seizures, which search and seizure occurred on January 28, 2010.

Randall also moves this Honorable Court, pursuant to the applicable rules of the Federal Rules of Criminal Procedure and, specifically, Rule 12(b) of the Federal Rules of Criminal Procedure, the Fifth Amendment to the United States Constitution, and the holdings of the United States Supreme Court and our Federal Courts, to suppress any incriminating statements made by Randall as such statements were not knowingly and intelligently made because they were obtained in violation of his Fifth Amendment rights to remain silent. Further, the said

-1-

statements were not knowing, freely nor voluntarily made because Mr. Randall was in custody. The incriminating statements were made on January 28, 2010.

In support of the Motion, Randall shows to the court the following:

1. That Randall was pulled over in a pretextual stop on January 28, 2010, wherein law enforcement officers indicated that they were acting pursuant to Randall's car having expired tags.

2. This stop of Randall's automobile occurred after he had pulled out of an area allegedly known for "drug related activity and other dangerous crimes on a daily basis" near Glenwood Avenue from Hashem in Charlotte, within the Western District of North Carolina.

3. The law enforcement officers involved in this traffic stop were Officer Sean P. Healy (hereinafter "Officer Healy") and Officer Michael S. Anderson, II (hereinafter "Officer Anderson "), both of the Charlotte Mecklenburg Police Department (hereinafter "CMPD").

4. Both Officer Healy and Officer Anderson dealt directly with both Randall and the front seat passenger in the vehicle Randall was driving.

5. According to law enforcement investigative notes, Officer Healy had Randall exit the automobile and he did so, without resistance, after Officer Healy allegedly smelled a strong odor of alcohol on Randall.

6. Upon information and belief, Officer Healy patted Randall down for weapons and/or drugs.

7. Randall had no weapons, drugs nor other contraband on his person.

8. Randall allegedly had an empty gun holster on his person.

9.      Upon information and belief, Randall had no outstanding warrants for his arrest.

10.     Randall also had a valid North Carolina driver's license on him which he handed over to the officers.

11.     There was also a passenger in the automobile being driven by Randall.

12.     The passenger, Alwasi Cooper (hereinafter "Cooper "), a black male, was also asked to exit the vehicle and he did so, without resistance.

13.     Like Randall, Cooper was patted down by Officer Healy and Cooper had no weapons, drugs nor contraband on his person.

14.     Upon information and belief, Randall refused coth consent to search his person and his property.

15.     In spite of Randall's unequivocal refusal to consent to the search of the automobile, Officer Healy then proceeded to search Randall's automobile, for an extended period of time, without the consent nor approval of Randall, and without a search warrant.

16.     Officer Healy proceeded to search Randall's vehicle without Randall's consent as Officer Healy believed that locating the gun holster on Randall's person gave him probable cause to search the  vehicle.

17.     During the search of the automobile, Randall remained outside the vehicle; and was not free to leave.

18.     As a result of the search, contraband was located inside the vehicle.

19.     Based on this illegal search of the automobile, Officer Healy discovered one Taurus .25 Auto caliber semiautomatic pistol under the front passenger's seat.

-3-

20. Based on this discovery after the illegal search, Officer Healy then placed both Randall and Cooper under arrest for many charges, including the charge of Possession of a Firearm by a Convicted Felon in violation of North Carolina Law.

21. Both Cooper and Randall were prosecuted in the State Courts of North Carolina.

22. Upon information and belief, Cooper's cases were ultimately dismissed.

23. On August 30, 2010, Randall pled guilty in the State Courts of North Carolina the charge of Possession of a Firearm by a Convicted Felon, and was placed on probation.

24. Upon information and belief, at the time Randall entered his guilty plea, he was unaware that he had been indicted in federal court for the instant offense.

25. Even after his arrest, Randall continued to deny any knowledge of, knowing possession of and/or ownership of the gun.

26. It was a violation of defendant's rights to be free from unreasonable searches and seizures to search his automobile without his consent and prior to obtaining and serving him with a search warrant.

27. It was a violation of defendant's rights to be free from unreasonable searches and seizures to search his automobile without his consent and in the absence of any exigent circumstances.

28. That because there was no consent to search, no warrant was sought nor obtained and no exigent circumstances existed, any search and seizure thereof was illegal, and in violation of Randall's constitutional rights to be free from unreasonable searches and seizures, as guaranteed to him by the Fourth Amendment to the United States Constitution and the North Carolina Constitution.

-4-

29.     That further, as the search was illegal, any contraband recovered as a result of said illegal search must be suppressed.

30.     After his arrest, Randall was *Mirandized* and continued to deny any knowledge of, knowing possession of nor ownership of the gun and/or other contraband found in the automobile.

31.     Upon information and belief,  Randall ultimately waived his rights and confessed to ownership and knowing possession of the gun.

32.     Upon information and belief,  Randall indicates that this statement was not knowing, voluntary, freely nor intelligently made.

33.     Upon information and belief, the statements were not knowingly and intelligently made because they were obtained in  violation of his Fifth and Sixth Amendment rights.

34.     That the Government should not be rewarded by being allowed to proceed with the fruits of the poisonous tree, to the detriment of Randall.

35.     That the court should schedule an evidentiary hearing on the motion to suppress the evidence allegedly recovered from the defendant's automobile.

36.     That the court should schedule an evidentiary hearing on the motion to suppress the statements allegedly made by Randall after his arrest on January 28, 2010.

37.     That Randall believes that there are sufficient facts surrounding the circumstances of his detention, arrest, search and seizure to warrant the granting of this motion to suppress evidence.

Case 3:10-cr-00174-MOC   Document 48   Filed 11/16/11   Page 5 of 7

38.     That Randall also believes that there are sufficient facts surrounding the circumstances of his detention, arrest, search and seizure to warrant the granting of this motion to suppress statements.

39.     That it is in the interest of justice that the evidence recovered from the automobile be suppressed.

40.     That it is also in the interest of justice that the statements made by Randall after he was arrested and *Mirandized* be suppressed.

41.     That defendant have such other and further relief as to this court is just and proper.


**WHEREFORE** your movant humbly requests that this motion be granted in its entirety.


**RESPECTFULLY SUBMITTED**, this the 16th day of November, 2011.

                                   S/Chiege O. Kalu Okwara
                                   CHIEGE O. KALU OKWARA
                                   Attorney for Defendant
                                   Bar Number: 18853
                                   Ballantyne One
                                   15720 John J. Delaney Drive, Suite #300
                                   Charlotte, North Carolina 28277
                                   (704) 944-3221 (Direct Line)
                                   (704) 847-0499 (Emergencies)
                                   (704) 846-7952 (fax)
                                    Email: chiege@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that the attached pleading was served upon the following attorneys by electronic service via electronic filing:

**JENNY GRUS SUGAR**
United States Attorneys Office
227 West Trade Street, Suite 1700
Charlotte , NC 28202
Email: Jenny.Sugar@usdoj.gov

**JENNIFER DILLON**
United States Attorneys Office
227 West Trade Street, Suite 1700
Charlotte , NC 28202

Email: Jennifer.Dillon@usdoj.gov

This the 16th day of November, 2011.

S/Chiege O. Kalu Okwara
CHIEGE O. KALU OKWARA
Attorney for Defendant
Bar Number: 18853
Ballantyne One
15720 John J. Delaney Drive, Suite #300
Charlotte, North Carolina 28277
(704) 944-3221 (Direct Line)
(704) 847-0499 (Emergencies)
(704) 846-7952 (fax)

Email: chiege@aol.com

**/ck.wk/lewsissuppression.mot**