UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Criminal Docket No. 3:10CR000174-1-MOC

-----------------------------------------------------------------)
**UNITED STATES OF AMERICA,** )
)
**-vs-** )
)
**JAMAR SERON RANDALL.** )
-----------------------------------------------------------------)

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE

### Statement of the Facts

JAMAR SERON RANDALL, the defendant, (hereinafter "Randall") was pulled over in a pretextual stop on January 28, 2010. The law enforcement officers involved in this traffic stop were Officer Sean P. Healy (hereinafter "Officer Carey") and Officer Michael S. Anderson, II (hereinafter "Officer Anderson"), both of the Charlotte Mecklenburg Police Department (hereinafter "CMPD").Both Officer Healy and Officer Anderson dealt directly with both Randall and the front seat passenger in the vehicle Randall was driving. The passenger was Alwasi Cooper (hereinafter "Cooper "), a black male.

Officer Healy and Officer Anderson indicated that they were acting pursuant to Randall's car Randall's car having expired tags. This stop of Randall's automobile occurred after he had pulled out of an area allegedly known for "drug related activity and other dangerous crimes on a daily basis" near Glenwood Avenue from Hashem in Charlotte, within the Western District of North Carolina. Officer Healy had Randall exit the automobile and he, Randall, did so, without resistance.

-1-

According to law enforcement investigative notes, Officer Healy had Randall exit the automobile and he did so, without resistance, after Officer Healy allegedly smelled a strong odor of alcohol on Randall.

Officer Healy patted Randall down for weapons and/or drugs. Randall had no weapons, drugs nor other contraband on his person. Randall allegedly had an empty gun holster on his person. Randall had no outstanding warrants for his arrest. Randall also had a valid North Carolina driver's license on him which he handed over to the officers. Cooper was also asked to exit the vehicle and he did so, without resistance.

Like Randall, Cooper was patted down by Officer Healy and Cooper had no weapons, drugs nor contraband on his person. Randall refused coth consent to search his person and his property. In spite of Randall's unequivocal refusal to consent to the search of the automobile, Officer Healy then proceeded to search Randall's automobile, for an extended period of time, without the consent nor approval of Randall, and without a search warrant.

Officer Healy proceeded to search Randall's vehicle without Randall's consent as Officer Healy believed that locating the gun holster on Randall's person gave him probable cause to search the vehicle. During the search of the automobile, Randall remained outside the vehicle; and was not free to leave.

As a result of the search, contraband was located inside the vehicle. Based on this illegal search of the automobile, Officer Healy discovered one Taurus .25 Auto caliber semiautomatic pistol under the front passenger's seat. Based on this discovery after the illegal search, Officer Healy then placed both Randall and Cooper under arrest for many charges, including the charge of Possession of a Firearm by a Convicted Felon in violation of North Carolina Law.

Both Cooper and Randall were prosecuted in the State Courts of North Carolina. Cooper's cases were ultimately dismissed. On August 30, 2010, Randall pled guilty in the State Courts of North Carolina the charge of Possession of a Firearm by a Convicted Felon, and was placed on probation.

At the time Randall entered his guilty plea, he was unaware that he had been indicted in federal court for the instant offense. Even after his arrest, Randall continued to deny any knowledge of, knowing possession of and/or ownership of the gun.

Officer Healy patted Randall down for weapons and/or drugs. Randall had no weapons, drugs nor other contraband on his person. Randall also had no outstanding warrants for his arrest. Randall did have a valid driver's license on him but handed over a valid North Carolina Identification Card to the officers.

There was also a passenger in the automobile being driven by Randall. The passenger, Cooper, was also asked to exit the vehicle and he did so, without resistance. Like Randall, Cooper was patted down and had no weapons, drugs nor contraband on his person. Like Randall, Cooper provided a valid North Carolina Identification Card. Like Randall, Cooper had no outstanding warrants for his arrest.

Officer Healy allegedly observed Randall to be nervous during the traffic stop by the officers so he, Officer Healy, took Randall's North Carolina Identification Card and ran a North Carolina Department of Motor Vehicle check. Based on the North Carolina Department of Motor Vehicle check, Officer Healy obtained information that Randall's privilege to drive or operate a motor vehicle in North Carolina was suspended.

None of the law enforcement officers arrested Randall at the time they allegedly discovered that he was driving with a suspended license nor for driving while his license was

revoked. Randall was not informed that he would be arrested for driving with a suspended license nor for driving while his license was revoked at the time Officer Healy obtained information that Randall's privilege to drive or operate a motor vehicle in North Carolina was suspended.

Furthermore, Randall was not informed that he would be arrested for driving with a suspended license nor for driving while his license was revoked prior to the search of his automobile by Officer Healy. Instead, Randall was asked to remain outside his automobile, by the trunk, for an extended period of time and was not even allowed to answer his mobile telephone when it rang. During the search of the automobile, Randall remained outside the vehicle; and was not free to leave. Under *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 64 L. Ed 2d 497 (1980), there was a Fourth Amendment seizure as Randall was not free to disregard police questioning and walk away. He could not even answer his mobile telephone when it rang.

While Randall remained outside his automobile, Officer Healy asked Randall for consent to search his car which, according to Healy's investigative votes, Randall refused. Randall gave no consent to search, no warrant was obtained and there were no exigent circumstances justifying the search. Officer Healy nonetheless proceeded to search Randall's vehicle without his consent, without a search warrant and, even though there were no exigent circumstances warranting such a search without a warrant. In spite of Randall's unequivocal refusal to consent to the search of the automobile, Officer Healy proceeded to search Randall's automobile, for an extended period of time, without the consent nor approval of Randall, and without a search warrant.

After his arrest, Randall was *Mirandized* and continued to deny any knowledge, knowing possession nor ownership of the gun and/or other contraband found in the automobile. Even after his arrest, Randall continued to deny any knowledge of, knowing possession of and/or ownership of the gun. Eventually, Randall waived his rights and admitted to owning the gun and knowing possession of same.

The statements that Randall made were not freely, voluntarily, knowingly and intelligently made. Randall claims that the confession was obtained in violation of his Fifth and Sixth Amendment Rights.

The matter is now before the court on Randall's motion to suppress evidence (the firearm) because the evidence was illegally obtained in violation of *Arizona v. Gant*, 129 S. Ct. 1710 (2009), citing *Weeks v. United* States, 232 U.S. 383, 392 (1914).

Furthermore, the matter is also before the court on Randall's motion to suppress his statements because they were involuntary and because they were taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) as well as in violation of his Fifth and Sixth Amendment Rights.

I. **THE FIREARM EVIDENCE RECOVERED FROM THE AUTOMOBILE DARRELL RANDALL WAS DRIVING MUST BE SUPPRESSED AS IT WAS ILLEGALLY OBTAINED EVIDENCE.**

Randall had a Fourth Amendment right to be free from unlawful searches and seizures of the automobile he was driving. Randall also had standing to challenge the contested search, as he had a legally cognizable privacy interest in the searched automobile at the time of the search. Randall was legally in possession of the automobile. Thus, Randall had a privacy interest in the

seized contraband (recovered from the automobile.) *See United States v. Randall*, 40 F.3d 1325, 1333 (1st Cir. 1994).

This conclusion is furthered by the fact that the automobile was not stolen, had not been reported stolen, there was no problem with Randall's driving warranting the stop, and, neither Randall, nor his passenger had outstanding warrants necessitating the search of the automobile, and, but for the search of the automobile, Randall would not have been indicted on the underlying gun possession charge.

Officer Healy's statement of conducting a probable cause search without consent; without a warrant, without exigent circumstances is in direct violation of the Fourth Amendment's longstanding assertion that warrantless searches and seizures are *per se* unreasonable, subject only to a few specifically established and well-delineated exceptions. *See Katz v. United States,* 389 U.S. 347, 357 (1967).

Among those exceptions to the warrant requirement is a search incident to a lawful arrest. *See Arizona v. Gant, Gant*, 129 S. Ct. 1710 (2009), <u>citing</u> *Weeks v. United* States, 232 U.S. 383, 392 (1914). The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations. *See United States v. Robinson,* 414 U.S. 218, 230-234 (1973); *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969).

The Supreme Court in *Chimel* further explained, that a search incident to arrest may only include "the arrestee's person and the area 'within his immediate control'-construing that phrase to mean the area from which he might gain possession of a weapon or destructible evidence." *Ibid.* If there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply. *E.g., Preston v. United States,* 376 U.S. 364, 367-369 (1964).

Both *Chimel* and *Gant* are distinguishable from the case *sub judice* as Randall had not been arrested and had not been told he was under arrest. Officer Healy had asked him for consent to search which Randall refused. Nonetheless, Officer Healy, went on to search Randall's car, without consent; without a warrant, without exigent circumstances and recovered the one Taurus .25 Auto caliber semiautomatic pistol. The Government should not be rewarded by being allowed to proceed with the fruits of the poisonous tree, to the detriment of the defendant.

## II.   DEFENDANT IS ENTITLED TO A HEARING ON A MOTION TO SUPPRESS EVIDENCE BASED ON INVALID SEARCHES

As a general rule, the burden is on the defendant, to prove that the search was invalid. <u>But, where the search is made without a warrant, the burden is on the government to prove that the warrantless search was justified</u>.

While calling a suppression hearing is within the discretion of the district court, if the moving papers are sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required. *United States v. Losing*, 539 F.2d 1174, 1179 (8th Cir. 1976), *cert. denied*, 434 U.S. 969 (1979). Thus, an evidentiary hearing is required in the case *sub judice*.

## III.   THERE WERE NO EXIGENT CIRCUMSTANCES AS AN EXCEPTION TO WARRANT REQUIREMENT TO JUSTIFY THE SEARCH OF THE AUTOMOBILE IN THIS CASE

Where the search was made without a warrant, the burden shifts to the government to prove that the warrantless search was conducted pursuant to an exception to the warrant requirement. *U.S. v. Herrold*, 962 F.2d 1131, 1137 (3d Cir.), *cert. denied*, 506 U.S. 958 (1992)

-7-

(police entered premises twice but only secured warrant for second entry). Thus, the burden shifts to the government to prove that the consent obtained for the search was valid. If the government cannot meet its burden in either circumstance, the illegally obtained evidence must be suppressed.

Among the exceptions to the warrant requirement are situations in which various forms of exigency exist. Some examples of exigent circumstances exceptions to the warrant requirement are as follows: (a) the "automobile exception" , *Carroll v. United States*, 267 U.S. 132, 144, 45 S. Ct. 280, 69 L. Ed. 543 (1925) (transportation of liquor); (b) search incident to arrest, *Chimel,* 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969) (arresting officer may search person arrested, in order to remove any weapons and to seize evidence on arrestee's person, and area into which the arrestee might reach in order to grab weapon or evidentiary items); ( c ) "inventory" searches, *Illinois v. Lafayette*, 462 U.S. 640, 644, 103 S. Ct. 2605, 77 L. Ed. 2d 65 (1983) (inventory search of personal effects of person under lawful arrest is routine administrative procedure that does not rest on probable cause); (d) "Plain view", *Coolidge v. New Hampshire*, 403 U.S. 443, 465, 91 S. Ct. 2022, 29 L. Ed. 2d 564, *reh'g denied*, 404 U.S. 874 (1971) (incriminating nature of evidence seized must be immediately apparent at time of seizure); (e) "consent searches" , *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 64 L. Ed 2d 497 (1980) (no Fourth Amendment seizure as long as free to disregard police questioning and walk away).

The United States Supreme Court has held in *Welsh v. Wisconsin*, 466 U.S. 740, 749-750, 104 S. Ct. 2091, 80 L. Ed. 2d 732 (1984) that the important factor in determining whether exigency exists for making a warrantless arrest or search is the gravity of the underlying offense for which arrest is being made. Exigent circumstances denote the existence of immediate and

serious consequences that would occur were a police officer to postpone acting to get a warrant.

"The police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." *Welsh v. Wisconsin*, 466 U.S. 740, 749-750, 104 S. Ct. 2091, 80 L. Ed. 2d 732 (1984) (important factor in determining whether exigency exists for making warrantless arrest is the gravity of the underlying offense for which the arrest is being made).

The government must show "that the exigencies of the situation made that course imperative" *McDonald v. United States*, 335 U.S. 451, 454, 69 S. Ct. 191, 93 L. Ed. 153 (1948) (gambling operation) where the police had to act quickly without a warrant. *See also Coolidge v. New Hampshire*, 403 U.S. 443, 455, 91 S. Ct. 2022, 29 L. Ed. 2d 564, *reh'g denied*, 404 U.S. 874 (1971) (search of the car when a defendant was arrested in the house).

*See United States v. Curzi*, 867 F.2d 36, 41 (1st Cir. 1989) (*quoting United States v. Adams*, 621 F.2d 41, 44 (1st Cir. 1980) ("[W]e consider the gravity of the underlying offense, whether delay poses a threat to police or the public safety and whether there is a great likelihood that evidence will be destroyed if there is a delay until a warrant is obtained.").

As the Supreme Court has stated, "searches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment-subject only to a few specifically established and well-delineated exceptions," *Coolidge v. New Hampshire*, 403 U.S. 443, 454-455, 91 S. Ct. 2022, 29 L. Ed. 2d 564, *reh'g denied*, 404 U.S. 874 (1971) (search of car, arrest in house); see also *Katz v. United States*, 389 U.S. 347, 353-354, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967) (non-consensual electronic eavesdropping or wiretapping constitutes search, whether or not physical trespass is employed to install equipment).

Thus the burden is on the government to show why the circumstances necessitated a search without a warrant. *United States v. Morales*, 171 F.3d 979, 981-982 (5th Cir. 1999) (no exigent circumstances absent evidence that contraband was about to be removed or destroyed, there was little or no danger to officers guarding warehouse, and suspects did not know officers were present outside warehouse). <u>See also</u>, *United States v. Ogbuh*, 982 F.2d 1000, 1004 (6th Cir. 1993) (no exigent circumstances even if it might have taken up to one hour to secure search warrant, there were no circumstances justifying warrantless search of hotel room).

In the case *sub judice*, Randall was only pulled over for an expired tag, therefore there was no reason for the search of his automobile as he has been pulled over for an infraction: an offense for which he could not have been arrested under North Carolina law. Officer Healy and Officer Anderson indicated that they were acting pursuant to Randall's car having an expired tag. This stop of Randall's automobile occurred after he had pulled out of an area allegedly known for "drug related activity and other dangerous crimes on a daily basis" near Glenwood Avenue from Hashem in Charlotte, within the Western District of North Carolina. Officer Sean P. Healy had Randall exit the automobile and Randall did so, without resistance. Officer Healy patted Randall down for weapons and/or drugs. Randall had no weapons, no drugs nor other contraband on his person. Randall also had no outstanding warrants for his arrest.

There was also a passenger in the automobile being driven by Randall. The passenger, Cooper, was also asked to exit the vehicle and he, Cooper, did so, without resistance. Like Randall, Cooper was patted down and had no weapons nor contraband on his person. Like Randall, Cooper had no outstanding warrants for his arrest.

Randall and Cooper cooperated with Officer Healy and Officer Anderson. Therefore, there was no exigency to justify the warrantless search in this case. The search of the automobile

-10-

Case 3:10-cr-00174-MOC   Document 49   Filed 11/16/11   Page 10 of 16

was illegal and any illegally obtained evidence must be suppressed. Thus, the firearm forming the basis of Count One in the Indictment must be suppressed.

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS**

### IV.  MR. RANDALL'S STATEMENTS MUST BE SUPPRESSED BECAUSE THEY RESULTED FROM COERCIVE POLICE DOMINATED ACTIVITY.

Whenever the government seeks to introduce an admission by the accused, it has the burden of proving by a preponderance of the evidence that the statement was voluntarily given. *Lego v. Twomey*, 404 U.S. 477, 489, 92 S.Ct. 619, 626-27, 30 L.Ed.2d 618 (1972); *Jackson v. Deno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

A challenge to the voluntariness of an admission requires this court "to determine whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution[.]" *Collazo v. Estelle*, 940 F.2d 411, 415 (9th Cir. 1991)(*en banc*), *cert. denied*, 112 S.Ct. 870, (1992)(quoting *Miller v. Fenton*, 474 U.S. 104, 112, 106 S.Ct. 445, 450, 88 L.Ed.2d 405 (1985)).

An admission is involuntary if it is extracted by any sort of threats or violence or by the exertion of any other improper influence. *United States v. Bautista-Avila*, 6 F.3d 1360, 1364 (9th Cir. 1993). The test is whether, considering the totality of the circumstances, the government obtained the admission by physical or psychological coercion such that the suspect's will is overborne. *Derrick v. Peterson*, 924 F.2d 813, 817 (9th Cir. 1991). Actual violence perpetrated on the accused is unnecessary.

The cases suggest that a finding of coercion need not depend upon actual violence by a government agent; a credible threat is sufficient. Coercion can be mental as well as physical, and

. . . the bold of the accused is not the only hallmark of an unconstitutional inquisition. *Arizona v. Fulminante*, 499 U.S. 279, 287, 111 S.Ct. 1246, 1252-53 113 L.Ed.2d 302 (1991), quoting *Blackburn v. Alabama*, 361 U.S. 199, 206, 80 S.Ct. 274, 279, 4 L.Ed.2d 242 (1960). But physical violence and the threat of further physical violence is certainly sufficient to overbear an individual's will to resist. *United States v. Jenkins*, 938 F.2d 934, 938 (9th Cir. 1991).

As a result of the illegal search, contraband was recovered from Randall's vehicle. During the search of the automobile, Officer Healy discovered a Taurus .25 Auto caliber semiautomatic pistol under the front passenger seat. Based on this discovery after the illegal search, Officer Healy then placed Randall under arrest for the charge of Possession of a Firearm by a Convicted Felon in violation of North Carolina Law.

After his arrest, Randall was *Mirandized* and continued to deny any knowledge, knowing possession nor ownership of the gun and/or other contraband found in the automobile. Even after his arrest, Randall continued to deny any knowledge of, knowing possession of and/or ownership of the gun. After his arrest, Randall was *Mirandized* and continued to deny any knowledge of, knowing possession of nor ownership of the gun and/or other contraband found in the automobile.

Randall ultimately waived his rights and confessed to ownership and knowing possession of the gun. Randall indicates that this statement was not knowing, voluntary, freely nor intelligently made. Randall will testify that his statements were not knowingly and intelligently made because they were obtained in violation of his Fifth and Sixth Amendment rights.

An evidentiary hearing in this case will demonstrate that the statements at issue must be suppressed.

## V. RANDALL'S STATEMENT MUST BE SUPPRESSED BECAUSE THE STATEMENT WAS OBTAINED IN VIOLATION OF HIS FIFTH AMENDMENT RIGHTS NOT TO INCRIMINATE HIMSELF.

Since 1966, law enforcement officers engaged in custodial interrogation of a suspect have been required to recite a prophylactic warning designed to alert the suspect to his or her Sixth Amendment rights. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed. *Miranda v. Arizona*, 384 U.S. 436, 344-45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

Whenever custodial interrogation proceeds, a prerequisite to the later admissibility of any statements obtained thereafter is conditioned on the government's ability to demonstrate that the accused "knowingly and voluntarily waived his or her privilege against self-incrimination and his or her right to retained or appointed counsel." *Id.* at 475, 86 S.Ct. at 1628. Any inquiry into the voluntariness of an alleged *Miranda* waiver has two dimensions. *Collazo v. Estelle*, 940 F.2d at 415.

First the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the `totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. *Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986).

In the instant case, Randall was clearly in custody when questioned by the law enforcement officers in this case. Randall found himself in a "police dominated" environment,

far from public view that clearly implicated the coercion associated with custodial interrogation. *See Berkemer v. MacCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984).

An accused citizen may invoke his or her *Miranda* rights either by choosing to remain silent or by requesting counsel. *Miranda v. Arizona*, 384 U.S. at 473-74. A citizen who expresses his or her desire to speak with the police through counsel cannot be subjected to further interrogation until counsel has been provided. *Edwards v. Arizona*, 451 U.S. 477, 484-87, 101 S.Ct. 1880, 1884-85, 68 L.Ed.2d 378 (1981).

In the present case, Randall unequivocally denied that the contraband was his and the police kept pressuring him until he confessed to ownership and possession of the gun. *Compare Davis v. United States*, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). Notwithstanding Randall invocation of his Fifth Amendment rights to remain silent and not to incriminate himself, Officer Healy and/or Officer Anderson engaged in the functional equivalent of interrogation in violation of *Rhode Island v. Innis*, 456 U.S. 942, 102 S.Ct. 2005, 72 L.Ed.2d 464 (1982).

An evidentiary hearing in this case will demonstrate that the statements at issue were involuntary and must be suppressed.

## VI. CONCLUSION

For these reasons, the firearm that was retrieved from the automobile Randall was driving on January 28, 2010 as well as statements Randall made to Officer Healy and/or Officer Anderson on January 28, 2010. must be suppressed.

-14-

Case 3:10-cr-00174-MOC   Document 49   Filed 11/16/11   Page 14 of 16

**RESPECTFULLY SUBMITTED**, this the 16th day of November, 2011.

                                                                S/Chiege O. Kalu Okwara
CHIEGE O. KALU OKWARA
Attorney for Defendant
Bar Number: 18853
Ballantyne One
15720 John J. Delaney Drive, Suite #300
Charlotte, North Carolina 28277
(704) 944-3221 (Direct Line)
(704) 847-0499 (Emergencies)
(704) 846-7952 (fax)


Email: chiege@aol.com

# CERTIFICATE OF SERVICE

I hereby certify that the attached pleading was served upon the following attorneys by electronic service via electronic filing:

**JENNY GRUS SUGAR**
United States Attorneys Office
227 West Trade Street, Suite 1700
Charlotte , NC 28202

Email: Jenny.Sugar@usdoj.gov

**JENNIFER DILLON**
United States Attorneys Office
227 West Trade Street, Suite 1700
Charlotte , NC 28202

Email: Jennifer.Dillon@usdoj.gov

This the 16th day of November, 2011.

              S/Chiege O. Kalu Okwara
              CHIEGE O. KALU OKWARA
              Attorney for Defendant
              Bar Number: 18853
              Ballantyne One
              15720 John J. Delaney Drive, Suite #300
              Charlotte, North Carolina 28277
              (704) 944-3221 (Direct Line)
              (704) 847-0499 (Emergencies)
              (704) 846-7952 (fax)

              Email: chiege@aol.com

/ck.wk/lewsissuppression.mem